629 A.2d 1032

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Otha FOREST, Appellant.**

Superior Court of Pennsylvania.

Submitted June 22, 1993.

Filed Aug. 19, 1993.

Stephen D. Kulla, Waynesboro, for appellant.

John M. Lisko, Asst. Dist. Atty., Waynesboro, for Com., appellee.

Before ROWLEY, President Judge, and TAMILIA and POPOVICH, JJ.

POPOVICH, Judge:

This is, an appeal from the judgment of sentence entered in the Court of Common Pleas of Franklin County following appellant's conviction on two counts of delivery of a controlled substance (crack cocaine) and one count of conspiracy to deliver a controlled substance (crack cocaine). In a separate criminal action, appellant also entered a plea of *nolo contendere* to one count of delivery of a controlled substance (crack cocaine). In this consolidated appeal, appellant contends the lower court erred in determining the issues raised in his Pa.R.A.P. 1925 statement were waived either by prior counsel's failure to raise the issues in post-verdict motions or by prior counsel's failure to brief the issues when the issues were raised at the first available opportunity by new counsel. Appellant also contends that we must remand this case for a hearing on the issue of whether prior counsel was ineffective. Upon review, we find that appellant' assertions lack merit, and we affirm.

The record reveals that appellant was represented by Michael J. Toms, Esquire, at trial. After sentencing, Attorney Toms filed a motion to modify sentence and a motion challenging the validity of appellant's *nolo contendere* plea. He also petitioned the court for permission to withdraw as counsel, since some of the allegations which appellant requested Attorney Toms to raise in those motions implicated the effectiveness of his representation. Stephen D. Kulla, Esquire was appointed to represent appellant. Attorney Kulla represented appellant at a hearing on July 10, 1992, concerning his motion to modify sentence which was subsequently denied.[1] That same day, Attorney Kulla, on behalf of present counsel, Neil Jokelson, Esquire, filed appellant's notice of appeal.

Pursuant to Pa.R.A.P. 1925, the lower court directed Attorney Jokelson to file a concise statement of matters complained of on appeal. On October 5, 1992, Attorney Jokelson filed appellant's Rule 1925 statement which set forth the following issues:

1. Following receipt of the Notes of Testimony which came subsequent to the sentencing of the Defendant, which sentencing took place on June 10, 1992, the instant new counsel for Defendant/Appellant, upon review of the Notes of Testimony and Motion in Arrest of Judgment and New Trial filed by predecessor counsel, present counsel seeks leave to appeal the issue of whether it was error for the trial court to allow Detective David A. Warren to be admitted as an expert witness, over defense objection (N.T. 30 of November 22, 1991 at lines 2–3) "in.the conduct of investigation of undercover narcotics operations" (N.T. 31 of November 22, 1991). In no way was the qualification of Officer Warren as an expert in said field relevant to the issues at trial but such admission did allow an improper bolstering of the "credentials" of Officer Warren as set forth in N.T. 27–29 and allowed the jury to give added weight to the testimony of Officer Warren who was the crucial witness for the Commonwealth.

---

1. We note the a transcript of the testimony at this hearing has not been included in the record.

606

2. It was improper for the Court not to grant a mistrial after the Commonwealth had sheriffs unilaterally require 2 defense witnesses without their counsel to come to the District Attorney's office and be questioned by the District Attorney. This was immediately prior to their testimony at trial and outside of the presence of the defense counsel and after one or more of the witnesses had requested the right to have counsel present, which request was disregarded by the District Attorney who did the questioning. Such over-reaching was a basis for a motion for mistrial which should have been granted and constituted an improper Commonwealth attempt to discovery and/or interfere with the defense's case.

In its opinion, the lower court noted that trial counsel raised the issue of prosecutorial misconduct in his post-verdict motions but later expressly abandoned the issue in his brief in support of those motions. See, Defendant's Brief in Support of Motion in Arrest of Judgment and for a New Trial, § IV, p. 3. The court also noted that the issue of Officer Warren's qualification as an expert in drug investigations was not raised in any proceeding prior to the Rule 1925 statement and, therefore, was waived. See Pa.R.Crim.P. 1123; *Commonwealth v. Bleigh*, 402 Pa.Super. 169, 586 A.2d 450 (1991), appeal denied, 528 Pa. 607, 596 A.2d 154 (1991) (failure to raise issue in post-verdict motion results in waiver of that issue for appeal). Accordingly, the lower court determined that neither issue was properly preserved for appeal and that appellant's judgments of sentence should be affirmed.

█ Attorney Jokelson now argues that since neither issue was properly preserved for appeal, "the Trial Court should have determined whether the failure to raise either issue was a result of ineffective assistance of [trial] counsel." Appellant's brief, p. 8. To the contrary, at this stage of the proceedings, the trial court's duty was to address those issues raised by counsel in the Rule 1925 statement. Present counsel did not specifically raise any issues of trial counsel's ineffectiveness, and it is not the obligation of the trial court to raise such issues *sua sponte*.

 We agree with counsel that a claim of ineffectiveness must be raised at the earliest stage of the proceedings in which the counsel whose stewardship is challenged no longer represents the defendant. *Commonwealth v. Fuller*, 353 Pa.Super. 120, 509 A.2d 364 (1986); *Commonwealth v. Swavely*, 382 Pa.Super. 59, 554 A.2d 946 (1989) allocatur denied, 524 Pa. 619, 571 A.2d 382 (1989); *Commonwealth v. Tenner*, 377 Pa.Super. 540, 547 A.2d 1194 (1988) allocatur denied, 522 Pa. 603, 562 A.2d 826 (1989). However, we disagree with counsel's conclusion that his appellate brief is the *first* appropriate vehicle to assail trial counsel's representation, i.e., trial counsel's failure to preserve the two issues set forth in present counsel's Rule 1925 statement. Clearly, appellant was represented by new counsel prior to the hearing concerning his motion to modify sentence and motion to challenge the validity of appellant's *nolo contendere* plea, held on July 10, 1992. Thus, that proceeding was the first opportunity to assail trial counsel's ineffectiveness.[2] Further, present counsel began his representation of appellant prior to filing of the Rule 1925 statement, and, therefore, present counsel should have raised therein any allegations of ineffectiveness of appellant's prior attorneys. Yet, counsel first alleged trial counsel was ineffective in this appellate brief, and appellant has not raised any allegation of Attorney Kulla's possible ineffectiveness.

 Failure to raise a particular issue in the concise statement of matters complained of on appeal may result in a waiver of that issue if that failure makes appellate review difficult. Pa.R.App.P. 1925(b); *Gilmore by Gilmore v. Dondero*, 399 Pa.Super. 599, 582 A.2d 1106 (1990); *Commonwealth v. Phillips*, 411 Pa.Super. 329, 601 A.2d 816 (1992), appeal granted 530 Pa. 665, 610 A.2d 45 (1992); *Commonwealth v. Williams*, 269 Pa.Super. 544, 410 A.2d 835 (1979). Instantly, appellant's failure to raise properly the issue of trial counsel's ineffectiveness in its Rule 1925 statement denied the lower court the opportunity to address the merits of the underlying issues. Further, by failing to challenge trial counsel's stew-

2. We note that trial counsel specifically requested to withdraw so that allegations of ineffectiveness could be raised.

ardship in the Rule 1925 statement, present counsel denied the lower court the opportunity to conduct a hearing to determine whether trial counsel had a reasonable basis for his actions and whether appellant was actually prejudiced by counsel's actions. *See, Commonwealth v. Durst*, 522 Pa. 2, 559 A.2d 504 (1989) (standard for ineffectiveness claims). Therefore, effective appellate review is substantially hindered, and, accordingly, we decline to address the issues of trial counsel's ineffectiveness. *Gilmore, supra,* (failure to raise issue in Rule 1925 statement hindered ability of appellate court to review issue, thus, issue was deemed waived); *compare, Williams, supra* (failure to raise issue of trial counsel's ineffectiveness in Rule 1925 statement may be deemed a waiver of the issue by appellate court; however, counsel failure, under the circumstances, did not preclude effective review).

Judgment of sentence affirmed.