**COMMONWEALTH of Pennsylvania,
Appellee**

v.

**Oliver FOSTER, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 5, 2008.
Filed Oct. 22, 2008.

Jennifer Chiccarino, Philadelphia, for appellant.

Regina M. Oberholzer, Asst. Dist. Atty., for Com., appellee.

\* Former Justice specially assigned to the Superior Court.

BEFORE: BOWES, SHOGAN and FITZGERALD \*, JJ.

OPINION BY BOWES, J.:

¶ 1 Oliver Foster appeals from the November 30, 2006 judgment of sentence of five to ten years imprisonment that was imposed after he was convicted of robbery. We conclude that Appellant, as an unarmed coconspirator in an armed robbery, was improperly sentenced pursuant to 42 Pa.C.S. § 9712(a). We therefore vacate the judgment of sentence and remand for re-sentencing.

¶ 2 On January 16, 2006, an arrest warrant was issued for Appellant based upon an incident that occurred on January 6, 2006. Appellant was charged with robbery, conspiracy, two counts of theft, possession of an instrument of crime, reckless endangerment, terroristic threats, carrying an unlicensed firearm, and carrying a firearm on a public street in Philadelphia. On October 11, 2006, the matter proceeded to a nonjury trial. The victim, Roger Snyder, testified as follows. At 8:40 p.m. on January 6, 2006, he was at home in his apartment located on 8777 Glenloch Place, Philadelphia, when Appellant, whom Mr. Snyder had known for three years, arrived with a man identified only as Darryl.[1] Appellant, in accordance with his routine, knocked on Mr. Snyder's window, and the victim allowed him to enter. Darryl, who had been hiding from view, followed Appellant into the apartment. Darryl approached the victim and said, "Come on, let's go. We're going to the ATM machine." N.T., 10/11/06, at 19. Darryl then raised his jacket, displaying "an automatic [gun] in his waistband." *Id.* Appellant just "stood back. He didn't say anything or do anything." *Id.*

---

1. Appellant's arrest warrant indicates that the victim did not report the crime until January 16, 2006, due to an illness.

¶ 3 Mr. Snyder retrieved his jacket, and the three men went outside. Appellant walked ahead while Darryl lagged behind to walk next to Mr. Snyder. Ten minutes later, they arrived at an ATM machine. Darryl demanded the victim's ATM card, which Darryl placed into the machine. Darryl instructed the victim to "[p]unch in your numbers." *Id.* at 21. Mr. Snyder did as told, and Darryl extracted $100 and then an additional $300 from Mr. Snyder's account. At that point, Darryl's brother arrived in a large silver Jeep or Hummer, and Darryl said to Appellant, "[T]his is my brother." *Id.* at 22. Darryl entered the car and left the scene. Appellant did not enter the vehicle; instead, he started to walk along with Mr. Snyder. "Then all of a sudden [Appellant] took off." *Id.*

¶ 4 Philadelphia Detective Sarah Valentino was assigned to investigate the matter. After Appellant was arrested, he gave her a statement in which he admitted that he took a man known as "D" to the victim's home. *Id.* at 30. He explained that he owed "D" money, which "D" wanted repaid, and that Appellant took "D" to the victim's house because the victim owed Appellant $115. Appellant continued that once they arrived at Mr. Snyder's home, "D" told Mr. Snyder that he had a gun, looked through the victim's wallet, and took a MAC card. Appellant admitted that they then went to a nearby ATM machine and that "D" forced Mr. Snyder to withdraw money. Appellant also acknowledged that after the robbery, "D" entered a vehicle and left the area. Appel-

lant informed the detective that following the incident, he walked Mr. Snyder "back to his house and told him I was sorry." *Id.* at 31. Appellant claimed that he was unaware that "D" was carrying a firearm when they entered Mr. Snyder's home.

¶ 5 The Commonwealth introduced into evidence the transaction receipts for the withdrawals and established that the ATM machine at the Washington Savings Bank located at 8729 Frankford Avenue had been utilized. Based on this evidence, the trial court found Appellant guilty of robbery, conspiracy, theft, and possession an instrument of crime and acquitted him of the remaining charges. The case proceeded to sentencing on November 30, 2006.

¶ 6 Appellant, who was forty-five years old, had no prior convictions. The sentencing guidelines called for twenty-two to thirty-six months incarceration plus or minus twelve months. However, the sentencing court did not consider the guidelines because the Commonwealth invoked 42 Pa.C.S. § 9712(a),[2] which is the mandatory minimum sentencing provision applicable to commission of certain crimes, including robbery, while in visible possession of a firearm.

¶ 7 At the time of Appellant's sentencing, prevailing Superior Court authority provided that unarmed co-conspirators were subject to the provisions of section 9712(a), even when they did not possess the firearm used during the commission of the crime. *E.g., Commonwealth v. Chiari,*

---

2. That section provides:

(a) **Mandatory sentence.**—Except as provided under section 9716 (relating to two or more mandatory minimum sentences applicable), any person who is convicted in any court of this Commonwealth of a crime of violence as defined in section 9714(g) (relating to sentences for second and subsequent offenses), shall, if the person visibly possessed a firearm or a replica of a fire-

arm, whether or not the firearm or replica was loaded or functional, that placed the victim in reasonable fear of death or serious bodily injury, during the commission of the offense, be sentenced to a minimum sentence of at least five years of total confinement notwithstanding any other provision of this title or other statute to the contrary. Such persons shall not be eligible for parole, probation, work release or furlough.

741 A.2d 770 (Pa.Super.1999). Accordingly, Appellant, who admittedly was not visibly in possession of a firearm during the robbery, was sentenced under 42 Pa.C.S. § 9712(a) to five to ten years imprisonment. This appeal followed.

¶ 8 Four months after Appellant was sentenced, on March 29, 2007, our Supreme Court issued its decision in *Commonwealth v. Dickson,* 591 Pa. 364, 918 A.2d 95 (2007). In *Dickson,* the Court overruled Superior Court case law and held that section 9712(a) does not apply to an unarmed co-conspirator when his accomplice visibly possessed the firearm used to facilitate the crime. Appellant's Pa.R.A.P.1925(b) statement was filed after the *Dickson* decision; in that statement, he challenged application of section 9712(a) based upon that case. He now asks us to reverse his judgment of sentence and to remand this case for sentencing without imposition of the mandatory minimum sentencing provision of 42 Pa.C.S. § 9712(a).

¶ 9 The issue that we confront is whether the holding in *Dickson* can be applied herein. For the reasons that follow, resolution of this question hinges on whether Appellant's challenge to application of section 9712(a) relates to the legality of his sentence or to the discretionary aspects of it. Appellant did not raise any objection to application of section 9712(a) at sentencing or in a post-sentence motion. Claims relating to the discretionary aspects of a sentence are waived if not raised either at sentencing or in a post-sentence motion. *See Commonwealth v. Shugars,* 895 A.2d 1270 (Pa.Super.2006). Even if properly preserved, such a claim also is waived if an appellant does not include a Pa.R.A.P. 2119(f) statement in his brief and the opposing party objects to the statement's absence. *Id.*

¶ 10 If the sentencing claim herein is found to relate to the discretionary aspects of his sentence, Appellant's inclusion of the issue in his Pa.R.A.P.1925(b) statement will not save it from being waived because Appellant failed to raise it in the court below, as required by Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). *See Commonwealth v. Melendez–Rodriguez,* 856 A.2d 1278 (Pa.Super.2004) (*en banc*) (fact that an issue is included in a Pa.R.A.P.1925(b) statement does not obviate its waiver under Pa.R.A.P. 302(a)).

¶ 11 On the other hand, claims pertaining to the legality of sentence are non-waivable, may be leveled for the first time on appeal, and our jurisdiction need not be invoked in a Pa.R.A.P. 2119(f) statement. *Commonwealth v. Dickson, supra* at 99 ("challenges to sentences based upon their legality" are not subject to waiver); *see also Commonwealth v. Robinson,* 931 A.2d 15, 19–20 (Pa.Super.2007) (*en banc*) ("A challenge to the legality of the sentence may be raised as a matter of right, is non-waivable, and may be entertained [as] long as the reviewing court has jurisdiction."). In fact, such a claim is not even waived by a party's failure to include it in a Pa.R.A.P.1925(b) statement. *Commonwealth v. Edrington,* 780 A.2d 721 (Pa.Super.2001) (Commonwealth did not waive position that trial court erred in failing to impose mandatory minimum sentence under recidivist statute, 42 Pa.C.S. § 9714, even though claim was not included in Commonwealth's Pa.R.A.P.1925(b) statement).

¶ 12 This dichotomy in treatment of sentencing issues derives from language in 42 Pa.C.S. § 9781(a) and (b).[3] Under subsec-

3. Those subsections state:

(a) **Right to appeal.**—The defendant or the Commonwealth may appeal as of right the

tion (a) of section 9781, "The defendant or the Commonwealth may appeal as of right the legality of the sentence." However, under subsection (b) of that section, our jurisdiction must be invoked with a petition for allowance of appeal when the issue involves the discretionary aspects of a sentence. In addition, the petition must raise a substantial question as to the appropriateness of the sentence.

¶ 13 We respectfully observe that the appellate courts of Pennsylvania have struggled with the concept of whether a sentencing claim relates to the legality of sentence or the discretionary aspects of it. *See Commonwealth v. Dickson, supra* ("While this Court is clear on the non-waivability of challenges to sentences based upon their legality, we continue to wrestle with precisely what trial court rulings implicate sentence legality."); *see also McCray v. Pennsylvania Dept. of Corrections*, 582 Pa. 440, 872 A.2d 1127, 1138 (2005) (Saylor J., concurring) (cited in *Dickson* and commenting upon the "prevailing uncertainty concerning the breadth of the legality-of-sentence exception to general principles of waiver"). We must stress at the onset that in *Dickson*, the majority of the Court specifically found that the defendant had preserved at sentencing his objection to application of the mandatory minimum sentence imposed in section 9721(a). Consequently, the majority did not address the question of whether that defendant's challenge related to the

discretionary aspects or legality of sentence.[4]

■ ¶ 14 Thus, we must closely examine controlling Supreme Court precedent for guidance in answering the question posed. Certain sentencing issues unequivocally relate to the legality of sentence. Any claim pertaining to whether a sentence exceeds the lawful maximum falls into that category. *Commonwealth v. Shiffler*, 583 Pa. 478, 879 A.2d 185 (2005). In *Shiffler*, the Supreme Court held that application of the three strikes law, 42 Pa.C.S. § 9714, which imposes a mandatory minimum sentence when a defendant has committed prior crimes of violence, relates to legality of sentence because the application of section 9714 increases the lawful maximum sentence that could otherwise be imposed for a defendant's criminal conviction.

■ ¶ 15 Similarly, an argument premised upon double jeopardy-merger principles is considered to relate to the legality of sentence. *Commonwealth v. Andrews*, 564 Pa. 321, 768 A.2d 309, 313 (2001). As the Supreme Court noted therein, "[T]he double jeopardy prohibition against multiple punishment for the same offense serves to 'prevent the sentencing court from prescribing greater punishment than the legislature intended.' *Missouri v. Hunter*, 459 U.S. 359, 366 [103 S.Ct. 673, 74 L.Ed.2d 535] (1983). As a result, such challenges have been treated as implicating the legality of the sentence."

legality of the sentence.
**(b) Allowance of appeal.**—The defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of a sentence for a felony or a misdemeanor to the appellate court that has initial jurisdiction for such appeals. Allowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question

that the sentence imposed is not appropriate under this chapter.

4. In a dissent, Justice (now Chief Justice) Castille and Justice Eakin opined that the sentence fell within the statutory limits and the defendant's challenge did not relate to legality of sentence. They also concluded that the defendant had not preserved the issue and that it should not be addressed.

¶ 16 Along the same lines, "It seems to be a settled question in Pennsylvania that *Apprendi [v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) ]- based challenges raise questions related to the legality of a sentence, and not the discretionary aspects of it." *Commonwealth v. Gordon,* 596 Pa. 231, 942 A.2d 174, 175 (2007). In the *Apprendi* setting, a defendant asserts that the maximum sentence to which he was subject was unconstitutionally increased based upon the existence of a fact that should have been submitted to a jury rather than determined by the sentencing court. Thus, if a defendant were to prevail on an *Apprendi* violation, he would have been sentenced in excess of the sentence that should otherwise have been imposed within constitutional parameters. *See Commonwealth v. Aponte,* 579 Pa. 246, 855 A.2d 800 (2004) (Justice (now Chief Justice) Castille concurring).

■ ¶ 17 It is thus settled law that any allegation relating to whether a sentence exceeds the lawful maximum is a legality-of-sentence question. However, there is other relevant Supreme Court authority wherein the sentencing averment did not involve a position that the sentence exceeded the lawful maximum. Specifically, our Supreme Court has indicated that the application of a mandatory minimum sentencing provision relates to the legality of sentence. In *Commonwealth v. Vasquez,* 560 Pa. 381, 744 A.2d 1280, 1284 (2000), the Court addressed this issue in the context of a trial court's belated addition of mandatory minimum fines contained in 18 Pa. C.S. § 7508, the sentencing provision applicable to drug trafficking. In that case, the trial court neglected to impose a mandatory fine outlined in section 7508 for a drug-trafficking conviction. The trial court, in its Pa.R.A.P.1925(a) statement, asked this Court to remand so that the

oversight could be corrected. We complied with that request, and after remand and imposition of the fine, the defendant was granted allowance of appeal. The defendant challenged our decision to remand for re-sentencing because the Commonwealth had never objected to the trial court's failure to impose a fine.

¶ 18 In *Vasquez,* our Supreme Court ruled that since the sentence originally imposed omitted the mandatory fine, it was illegal. It continued that claims involving the legality of a sentence are not subject to waiver. The Supreme Court opined, "When a trial court imposes a sentence outside of the legal parameters prescribed by the applicable statute, the sentence is illegal and should be remanded for correction." *Id.* at 1284. We must observe that in the statute under consideration in *Vasquez,* 18 Pa.C.S. § 7508, the Commonwealth has the right to appellate review when a sentencing court refuses to apply the section, and we are required to vacate the sentence and remand if the trial court fails to apply that mandated sentence. 18 Pa.C.S. § 7508(d).

■ ¶ 19 Our Supreme Court engaged in a similar analysis in the earlier decision of *Commonwealth v. Smith,* 528 Pa. 380, 598 A.2d 268 (1991). In *Smith,* the Supreme Court held that the trial court's failure to apply the recidivist sentencing provision of 42 Pa.C.S. § 9714 cannot be waived. It based this ruling upon language in section 9714(f) which states, as does section 7508(d), that if "a sentencing court shall refuse to apply this section where applicable, the Commonwealth shall have the right to appellate review of the action of the sentencing court." 42 Pa.C.S. § 9714(f). Thus, under *Vasquez* and *Smith,* the trial court's failure to impose a mandatory minimum sentence required by sections 7508 and 9714 is accorded status

as a non-waivable legality-of-sentence challenge.

¶ 20 We also find guidance in our Supreme Court's decision in *In re M.W.*, 555 Pa. 505, 725 A.2d 729 (1999). Therein, the juvenile defendant in a delinquency proceeding challenged the amount of restitution ordered by a juvenile court. Restitution was entered after the juvenile entered a negotiated plea agreement and was adjudicated delinquent based upon commission of the offense of criminal trespass. During the incident, M.W. and others caused extensive damage to the property in question. The juvenile averred that restitution was improper since it was not possible to attribute the resultant damage to him, as opposed to the other perpetrators involved in the trespass incident.

¶ 21 The juvenile prevailed before this Court, and after being granted allowance of appeal, the Commonwealth contended to the Supreme Court that the issue had been waived because the juvenile had not included a Pa.R.A.P. 2119(f) statement in his brief and the question raised related to the discretionary aspects of sentence. The Supreme Court disagreed, opining that "the issue presented in this case centers upon the juvenile court's statutory authority to order restitution; thus, it implicates the legality of the dispositional order." *Id.* at 731. That Court continued that since "M.W. was challenging the legality of the order, as opposed to the trial court's exercise of discretion in fashioning it[,] he would not have been required to include a statement of the reasons relied upon for allowance of appeal in his Superior Court brief." *Id.* It elaborated as follows:

> We recognize that there has been some confusion as to whether an appeal of an order of restitution implicates the legality or the discretionary aspects of a particular sentence in a criminal proceeding. *See In the Interest of Dublin-*

*ski*, 695 A.2d 827, 828–29 (Pa.Super.1997) (collecting cases). Where such a challenge is directed to the trial court's authority to impose restitution, it concerns the legality of the sentence; however, where the challenge is premised upon a claim that the restitution order is excessive, it involves a discretionary aspect of sentencing. *See generally Walker*, 446 Pa.Super. at 55, 666 A.2d at 307. While the Superior Court has referred to the discretionary aspects and legality of sentence dichotomy in connection with review of proceedings under the Juvenile Act, *see, e.g., Dublinski*, 695 A.2d at 828–29, this Court has not had occasion to determine whether the statutory constraints regarding the discretionary aspects of sentencing apply to the review of dispositional orders in juvenile proceedings. This issue need not be resolved in this case, however, since, as noted, M.W.'s challenge implicated the legality of the dispositional order.

*Id.* at 731 n. 4. Thus, a defendant's challenge to the trial court's authority to impose a sentence under a statute has been held to involve the legality of sentence rather than the discretionary aspects of it.

¶ 22 Superior Court decisional law is necessarily consistent with the approach of our Supreme Court. We have held that the Commonwealth can assert for the first time on appeal that the trial court erred by refusing to apply 42 Pa.C.S. § 9712(a), the mandatory minimum sentencing provision at issue herein. *Commonwealth v. Diamond*, 945 A.2d 252 (Pa.Super.2008). The non-waivable nature of a Commonwealth appeal in this context rests upon language in 9712(d) that is the same as section 7508(d) and 9714(f). Section 9712(d) states, "If a sentencing court refuses to apply this section where applicable, the Commonwealth shall have the right to ap-

pellate review of the action of the sentencing court." Subsection (d) requires us to vacate and remand for imposition of a sentence in accordance with section 9712(a) if applicable.

¶ 23 This Court has also held that a **defendant's** challenge to the application of a mandatory minimum sentence relates to the legality of sentence. In *Commonwealth v. Harley*, 924 A.2d 1273, 1277 (Pa.Super.2007), the defendant claimed that he was improperly sentenced to a mandatory minimum sentence under 18 Pa.C.S. § 7508. He asserted that the Commonwealth failed to prove that he possessed the requisite quantity of drugs necessary to invoke the mandatory minimum. Although he sought a lesser mandatory minimum, he did not aver that his sentence exceeded the lawful maximum sentence for the crime in question. Therein, we opined, "Ordinarily, a challenge to the application of a mandatory minimum sentence is a non-waivable challenge to the legality of the sentence." *Id.* at 1277 (quoting *Commonwealth v. Littlehales*, 915 A.2d 662, 664 (Pa.Super.2007)).

¶ 24 *Commonwealth v. Johnson*, 920 A.2d 873 (Pa.Super.2007), further comports with this legality approach. In that case, the defendant challenged application of the mandatory minimum drug trafficking provision of 18 Pa.C.S. § 7508. He argued both that the government failed to establish the weight of drugs he possessed and that it did not prove that he constructively possessed certain drugs found in a vehicle. We characterized these challenges to the imposition of the mandatory minimum sentence as "nonwaivable challenge[s] to the legality of the sentence." *Id.* at 880, 881. We observed that this result flows from the fact that courts do not have authority to avoid imposing the mandatory minimum, assuming certain

factual predicates apply. *Id.*(quoting *Littlehales, supra* at 664).

¶ 25 In *Commonwealth v. Stafford*, 932 A.2d 214 (Pa.Super.2007), the defendant was sentenced under the mandatory minimum sentencing provisions of the Motor Vehicle Code, 75 Pa.C.S. § 3806, which imposes increased sentences based upon prior convictions for Driving Under the Influence of Alcohol. He was sentenced based upon two prior DUI convictions but contended that he only had one for purposes of application of that statute. We noted that this averment was a "challenge to a sentencing court's application of a mandatory sentencing provision" and depicted it as implicating "the legality, not discretionary, aspects of sentencing." *Id.* at 216 (citing *Vasquez, supra* ).

¶ 26 Additionally, in *Commonwealth v. Bongiorno*, 905 A.2d 998 (Pa.Super.2006), the defendant complained about the trial court's decision to impose a mandatory minimum sentence under 18 Pa.C.S. § 6317, the "drug-free school zones" provision. The defendant maintained that the statute was improperly applied in that the Commonwealth did not establish that his sale of drugs occurred in an area within two hundred and fifty feet of a playground. We stated, "Challenges to a trial court's application of a mandatory sentencing provision implicate the legality of sentence." *Id.* at 1002 (citing *Commonwealth v. Lewis*, 885 A.2d 51, 55 (Pa.Super.2005) (same)).

¶ 27 Since those were panel decisions of this Court, we must analyze the import of the recent *en banc* decision in *Commonwealth v. Robinson*, 931 A.2d 15 (Pa.Super.2007), on the viability of those decisions. In *Robinson*, the defendant claimed that the trial court had unconstitutionally increased his sentence based upon vindictiveness. The defendant had not included a Pa.R.A.P. 2119(f) statement in his brief, and the Commonwealth argued that the

issue had been thereby waived. This Court agreed and held that the challenge related to the discretionary aspects of a sentence rather than its legality. In arriving at this conclusion, we expressly observed that the defendant was "essentially claiming that the court exercised its **discretion** in a way that is harsh, unreasonable, and motivated by impermissible factors.... These are the very hallmarks of a claim that implicates the discretionary aspects of a sentence." *Id.* at 21 (emphasis is original).

■ ¶ 28 The allegation in the present case is in direct opposition to the sentencing allegation at issue in *Robinson.* Appellant herein is not complaining about the sentencing court's exercise of discretion. Indeed, as noted by the sentencing court herein, it lacked any discretion in the imposition of Appellant's sentence, and it refused to apply the guidelines or consider any mitigating factors raised by Appellant, including his lack of prior record score and age. *See* N.T. Sentencing, 11/30/06, at 6 ("the law requires this sentence based upon this conviction"); *see also id.* at 4 (defense counsel conceded that guidelines and existence of zero prior record score were "irrelevant" due to application of mandatory five to ten year sentence).

¶ 29 We are aware that the *Robinson* Court appears to suggest that only claims involving a sentence that exceeds the lawful maximum can be characterized as involving the legality of sentence. *Id.* at 21. However, the question of whether application of a mandatory minimum statute relates to a sentence's legality simply was not before this Court in *Robinson.* Perhaps for this reason the *Robinson* Court failed to discuss our Supreme Court's decisions in *Vasquez* and *Smith,* which expressly hold that application of a mandatory minimum sentence relates to the "legality of sentence." The *Robinson*

Court also did not consider *In re M.W., supra,* a Supreme Court decision that expressly states that a defendant's challenge to the trial court's "authority" to impose a sentence under a statute relates to the legality of sentence.

¶ 30 Thus, under the Supreme Court decision in *In re M.W.* and the Superior Court panel decisions in *Harley, Johnson, Stafford,* and *Bongiorno,* a defendant's complaint that the trial court's application of a mandatory minimum sentencing provision was erroneous constitutes a challenge to the legality of sentence. Under Supreme Court authority, a Commonwealth's assertion of error by a trial court in failing to apply a mandatory minimum sentence relates to its legality, even though, as noted, the Commonwealth's position in that regard clearly does not pertain to whether the sentence exceeded the lawful maximum.

¶ 31 Our analysis cannot be complete without an examination of the fact that in the mandatory minimum sentencing cases of *Vasquez, Smith,* and *Diamond,* the statutes construed afforded the Commonwealth but not the defendant "the right to appellate review" of a trial court's failure to impose the mandatory minimum. We must determine whether that language connotes that the Commonwealth's appeal from the failure to impose a mandatory minimum sentence relates to the legality of sentence while a defendant's appeal is not accorded the same status.

¶ 32 Even though the "right to appellate review" is not conferred upon a defendant by subsection (d), the defendant is accorded an all-encompassing "right to appeal ... the legality of sentence" in section 9781(a) of the Sentencing Code. If, as held by our Supreme Court in *Vasquez* and *Smith,* "application of a mandatory minimum sentence" is a non-waivable challenge to the "legality of a sentence," then this

holding, as does all precedent, must apply to all litigants similarly situated. *See Commonwealth v. Morris,* 565 Pa. 1, 771 A.2d 721, 739 (2001) (quoting *Lonchar v. Thomas,* 517 U.S. 314, 323–24, 116 S.Ct. 1293, 134 L.Ed.2d 440 (1996)) ("result of following ... precedent is to 'reduce uncertainty, avoid unfair surprise, minimize disparate treatment of similar cases, and thereby help all litigants' ").

¶ 33 If the sentencing court imposed a mandatory minimum sentence that was not authorized by statute, then the court lacked the power to impose such a sentence. Such an averment falls within *In re M.W., supra.* Appellant herein questions the statutory authority of the trial court to impose the mandatory minimum sentence of section 9712(a) in that he did not visibly possess a firearm. Since section 9712(a), under *Dickson,* cannot be applied unless the defendant visibly possessed a weapon, Appellant's sentence is not within the legal parameters of that statute. We therefore hold that Appellant's challenge relates to the legality of his sentence and cannot be waived. We further find that Appellant's sentence is illegal and should be remanded for correction. We therefore vacate the judgment of sentence and remand for re-sentencing without application of section 9712(a).

¶ 34 Appellant's Petition to Remand for Filing of Motion for Modification of Sentence *Nunc pro Tunc* denied as moot. Judgment of sentence vacated. Case remanded for proceedings consistent with this Opinion. Jurisdiction relinquished.

¶ 35 Justice FITZGERALD files a Concurring Statement. Judge SHOGAN files a Dissenting Opinion.

## CONCURRING STATEMENT BY FITZGERALD, J.:

¶ 1 I join Judge Bowes' opinion in full and readily agree that Appellant raises a legality of sentence claim. I write separately only to address a couple of points raised in Judge Shogan's thorough and well-reasoned dissent.

¶ 2 Primarily, I disagree with Judge Shogan's application of this Court's *en banc* decision in *Commonwealth v. Robinson,* 931 A.2d 15 (Pa.Super.2007) (*en banc*). I concur that *Robinson* identifies three specific situations that are considered legality-of-sentence claims. However, while I agree that our courts have generally limited such claims to those three situations listed in *Robinson,* I note that the *en banc* panel did not state definitively that those three situations are the only times a claim may implicate the legality of a sentence. Nor did the *en banc* Court in *Commonwealth v. Jacobs,* 900 A.2d 368 (Pa.Super.2006) (*en banc*), provide that these are the only limitations, as the Commonwealth argues. *See* Commonwealth's Brief at 4 n. 1 (citing *Jacobs,* 900 A.2d at 372–73). In fact, by stating, "[T]his class of cases **includes** ..." and, "**Most** other challenges to a sentence implicate the discretionary aspects of the sentence," *id.* at 21 (emphases added), the *Robinson* Court expressly recognized that there may exist other situations in which an appellant challenges the legality, rather than the discretionary aspects, of the sentence imposed. Cases implicated by *Commonwealth v. Dickson,* 591 Pa. 364, 918 A.2d 95 (2007), in my opinion, presents such a situation.

¶ 3 I recognize that the overwhelming majority of cases implicating the legality of a sentence involve sentences which exceed the statutory maximum. However, I note that by including merger/double jeopardy issues *per se* in the relevant class of cases, our courts have recognized that there are some instances in which a sentence does not exceed the statutory maximum, but

nonetheless cannot be considered legal because the sentencing court completely precluded itself from imposing an otherwise legal sentence based on its erroneous interpretation of its sentencing authority.[5] *See Jacobs,* 900 A.2d at 373 (observing that a merger/double jeopardy claim is "one non-statutory example of an illegal sentence") (quoting *Commonwealth v. Berry,* 877 A.2d 479, 483 (Pa.Super.2005) (*en banc*)). As an example, if a sentencing court improperly imposes consecutive sentences that should have merged, *Robinson* and its predecessors would require examination of the case under a legality-of-sentence standard, without even considering whether the consecutive sentences in the aggregate exceeded the statutory maximum.

¶ 4 In that sense, the facts of *Robinson* are distinguishable from the instant case. In *Robinson,* the appellant claimed that vindictiveness caused the sentencing court to impose a lengthier sentence than the appellant deemed proper. *Id.* at 19. Thus, the appellant did not claim that the sentencing court erroneously applied a statute that mandated a restriction of the applicable sentencing range; rather, the appellant claimed that the court's vindictiveness affected its discretion in imposing a sentence within the statutory range. The instant facts are clearly different, because the sentencing court believed it was prohibited **by statute** from imposing a sentence of less than five years' imprisonment. Therefore, the relevant consideration is not whether a legal determination affected the court's **discretion** in imposing sentence, as was the case in *Robinson,* but, rather, whether the legal determination affected the court's **authority** to impose a

sentence. I cannot conclude that when a court believes it has no discretion to impose a particular sentence, we must nonetheless consider it an issue of the discretionary aspects of that sentence.

¶ 5 I must also note that it does not appear this claim would be cognizable under the PCRA. I can find no basis upon which a PCRA court could properly find these claims cognizable unless, of course, it considers them to be a legality-of-sentence issue. The only possibility would be for Appellant to assert that counsel was ineffective for agreeing that the mandatory minimum applied. *See* 42 Pa.C.S. § 9543(a)(2). However, for over twenty years, this Court considered the mandatory minimum applicable for even unarmed co-conspirators. *See Dickson, supra* (examining, then disagreeing with, Superior Court precedent). Therefore, counsel at the time would have raised a frivolous claim. Appellant, accordingly, would have no recourse under the PCRA.

¶ 6 In conclusion, I agree with the dissent that there exists no precedent for the proposition that *Dickson* situations implicate the legality of a sentence. However, I also conclude that no case expressly, or even implicitly, prohibits the examination of the instant facts under a legality standard. In the instant case, the sentencing court believed it was prohibited by statute from imposing a sentence of less than five years' imprisonment, a belief which the *Dickson* Court found erroneous. Accordingly, I am in full agreement with Judge Bowes that this case must be remanded for resentencing.

5. Consider, also, that our courts have long held the failure to award credit for time served prior to sentencing involves the legality of sentence. *See, e.g., Commonwealth v. Fowler,* 930 A.2d 586, 595 (Pa.Super.2007).

This is so even without considering whether the time served combined with the sentence imposed would exceed the statutory maximum.

DISSENTING OPINION BY
SHOGAN, J.:

¶1 Although the majority presents a reasoned analysis of whether Appellant's challenge to the application of the mandatory minimum sentence pursuant to 42 Pa. C.S.A. § 9712(a) is an attack on the legality of his sentence, I am constrained to find waiver in this case by our Supreme Court's decision in *Commonwealth v. Dickson*, 591 Pa. 364, 918 A.2d 95 (2007) and the established case law in this Commonwealth regarding sentence illegality. Accordingly, I respectfully dissent.

¶2 Notably, Appellant *does not argue* that the principles of waiver do not apply to his claim. Rather, Appellant requests that this Court exercise its equitable powers and remand this matter to the trial court to allow Appellant to file a post-sentence motion to modify his sentence *nunc pro tunc* in order to properly raise his claim before the trial court or, alternatively, apply principles of equity and remand for resentencing. *See* Brief for Appellant, 8–15. Despite this, the majority treats Appellant's claim as a non-waivable challenge to the legality of his sentence and proceeds to address the merits of Appellant's claim. As noted by the majority in *Dickson*, I find this approach to be problematic, *Id.* at 370, 918 A.2d at 99, as well as contrary to our Supreme Court's treatment of the identical issue in *Dickson* and established case law regarding sentence illegality. Furthermore, such an approach potentially opens the floodgates to sentence illegality challenges under *Dickson* when our Supreme Court has expressly refused to do so.

¶3 Pursuant to our Supreme Court's decision in *Dickson* (decided four months after Appellant in this case was sentenced and holding that the mandatory minimum sentence enhancement of section 9712 does not apply to an unarmed accomplice), Appellant contends that the mandatory minimum sentence provision of section 9712 was not applicable to him because Appellant did not actually possess the firearm during the commission of the crime. Thus, Appellant argues that he should have been sentenced under the sentencing guidelines and not the provisions of section 9712. However, as noted above, we must first consider whether the claim presented by Appellant is properly before us for review before we may address the merits of Appellant's issue.

¶4 Generally, pursuant to Pennsylvania Rule of Appellate Procedure 302(a), "issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Moreover, our Supreme Court has explained "[i]t is well-settled that in order for a new rule of law to apply retroactively to a case pending on direct appeal, the issue had to be preserved at all stages of adjudication, including at trial and on direct appeal." *Commonwealth v. Sneed*, 587 Pa. 318, 331, 899 A.2d 1067, 1075 (2006) (citing *Commonwealth v. Jones*, 571 Pa. 112, 811 A.2d 994, 1005 (2002)).

¶5 The majority concludes that Appellant is relieved of his responsibility to preserve the issue because his claim challenges the legality of his sentence, rather than the discretionary aspects of his sentence. The distinction is important because it has long been the rule in this Commonwealth that "[c]laims concerning the illegality of the sentence are not waivable." *Commonwealth v. Vasquez*, 560 Pa. 381, 387, 744 A.2d 1280, 1284 (2000) (quoting *Commonwealth v. Smith*, 528 Pa. 380, 384, 598 A.2d 268, 270 (Pa.1991)). Conversely, issues challenging the discretionary aspects of sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. *Commonwealth v.*

*Barnhart,* 933 A.2d 1061, 1066–1067 (Pa.Super.2007) (citing *Commonwealth v. McAfee,* 849 A.2d 270 (Pa.Super.2004)). Absent such efforts, an objection to a discretionary aspect of a sentence is waived. *Barnhart,* 933 A.2d at 1067.

¶ 6 The classic formulation of an illegal sentence, as established by our Supreme Court, is one that exceeds the statutory limits. *See Commonwealth v. Aponte,* 579 Pa. 246, 266, 855 A.2d 800, 812–813 (2004) (Justice Castille (now Chief Justice), concurring) (presenting a comprehensive discussion of sentence illegality and utilizing the term "classic formulation of sentence illegality" to define an illegal sentence as one that exceeds the statutory limits and no more); *see also, Commonwealth v. Bradley,* 575 Pa. 141, 149, 834 A.2d 1127, 1131 (2003) ("An illegal sentence is one that exceeds the statutory limits."); *Vasquez,* 560 Pa. at 388, 744 A.2d at 1284 ("If a sentence is within the statutory limits, it is legal."). This Court discussed the types of sentences which have been considered to be illegal more fully in *Commonwealth v. Robinson,* 931 A.2d 15 (Pa.Super.2007) (*en banc* ) (filed 8/2/07), where we stated:

> [W]e have established the principle that "the term 'illegal sentence' is a term of art that our Courts apply narrowly, to a relatively small class of cases." This class of cases includes: (1) claims that the sentence fell "outside of the legal parameters prescribed by the applicable statute"; (2) claims involving merger/double jeopardy; and (3) claims implicating the rule in *Apprendi v. New Jer-*

*sey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). These claims implicate the fundamental legal authority of the court to impose the sentence that it did.

Most other challenges to a sentence implicate the discretionary aspects of the sentence. This is true even though the claim may involve a legal question, a patently obvious mathematical error, or an issue of constitutional dimension. **Moreover, the mere fact that a rule or statute may govern or limit the trial court's exercise of discretion in sentencing does not necessarily convert the claim into one involving the legality of the sentence.** For example, we recently held that the denial of the right of allocution was a challenge to the discretionary aspects of the sentence, even though both a statute and a rule of criminal procedure mandated that a court provide allocution before sentencing.

*Robinson,* 931 A.2d at 21 (citations and footnotes omitted, emphasis added). Notably, the en banc court in *Robinson* fails to include a *Dickson* challenge as one of the "small class of cases" that "implicate the fundamental legal authority of the court to impose the sentence it did," even though *Robinson* was filed after *Dickson* was decided by our Supreme Court on March 29, 2007.[6]

¶ 7 Appellant is not claiming that the sentence fell outside of the parameters

---

**6.** Since the *Dickson* decision was rendered, this Court has been presented with a *Dickson* challenge by a defendant in only one published opinion. In *Commonwealth v. Phillips,* 946 A.2d 103, (2008), the appellant relied upon *Dickson* to argue that the trial court erred in applying a deadly weapons enhancement to him because he was an unarmed co-defendant. The panel in *Phillips* considered the claim to be a challenge to the discretion-

ary aspects of sentencing. In doing so, the panel found *Dickson* to be distinguishable based on the specific circumstances of the crimes and the fact that the trial court in *Phillips* sentenced the appellant pursuant to the deadly weapon enhancement of the sentencing guidelines, 204 Pa.Code 303.10(a)(1), rather than 42 Pa.C.S.A. section 9712. Thus, *Phillips* is admittedly not directly on point.

prescribed by a statute,[7] or that the claim implicates merger/double jeopardy or *Apprendi* principles.[8] He also does not generally argue that the trial court lacked the fundamental legal authority to impose the sentence that it did. Furthermore, upon careful scrutiny, one can conclude that the "relatively small class of cases" cited in *Robinson* actually fall within our Supreme Court's single definition, or classic formulation, of sentence illegality, *i.e.,* they exceed the statutory limits that would otherwise be applicable.[9]

¶ 8 This definition of sentence illegality was recently reiterated by former Justice Newman in her majority opinion in *McCray v. Pa. Dept. of Corrections,* 582 Pa. 440, 872 A.2d 1127 (2005), in which four justices joined the majority and two filed separate concurring opinions (one of which also joined the majority). When directly presented with the issue of whether or not a sentence was illegal within the context of probation revocation, Justice Newman's majority concluded that *because the new sentence imposed upon probation revocation was "significantly less than the maximum probation revocation sentence" possible, "the concerns regarding the imposition of an illegal sentence ... are not at issue in the case."* McCray, 872 A.2d at 1132 *(emphasis added ).* In their concurrences, Chief Justice Castille concluded

that the VOP (violation on parole) sentence was "legally sound" because it was less than the statutory maximum, and Justice Saylor seemed to adopt the Post Conviction Relief Act (PCRA) definition of illegal sentence as contained in 42 Pa.C.S.A. § 9542(a)(2)(vii), *i.e.,* one that is greater than the lawful maximum. Thus, together, the majority and two concurrences appeared to present a unified view that a claim of illegality must be based on a sentence that exceeds the statutory limits.

¶ 9 Our Supreme Court was presented with an opportunity to expand upon this classic formulation in *Dickson* but expressly declined to do so. In initially addressing the identical issue presented by the case *sub judice,* the majority stated, "Before reaching the merits, ... *we must determine* whether Appellant waived his challenge to § 9712 by failing to raise it first in the trial court." *Dickson,* 591 Pa. at 367, 918 A.2d at 97 (emphasis added). The majority then proceeded to explain that, "if the sentence clearly implicates the legality of sentence, whether it was properly preserved below is of no moment, as a challenge to the legality of sentence cannot be waived." *Id.* at 370, 918 A.2d at 99. Immediately afterwards, and therefore implicitly concluding that the legality of sentence was not implicated, the majority en-

---

7. Appellant's sentence is within the statutory limits. Appellant was sentenced to terms of incarceration of five to ten years on both the robbery conviction and the conspiracy conviction, which are within the 20–year statutory maximum for these first degree felony convictions. 18 Pa.C.S.A. § 1103(1).

8. This Court has held that the imposition of a mandatory minimum sentence did not violate *Apprendi* because Pennsylvania has an indeterminate sentencing scheme. *Commonwealth v. Kleinicke,* 895 A.2d 562, 575 (Pa.Super.2006) *(en banc ).* Moreover, Appellant does not argue an *Apprendi* violation.

9. *See, e.g.,* the following cases cited by the majority: *Commonwealth v. Andrews,* 564 Pa. 321, 329, 768 A.2d 309, 313 (2001) (double jeopardy prohibition serves to "prevent the sentencing court from prescribing greater punishment than the legislature intended") (quoting *Missouri v. Hunter,* 459 U.S. 359, 366, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983)); *Commonwealth v. Gordon,* 596 Pa. 231, 234, 942 A.2d 174, 175 n. 1 (2007) (noting that, when asserting an *Apprendi* violation, a defendant is claiming that "facts, 'other than the fact of a prior conviction,' that subject a defendant to any additional penalty beyond a statutory maximum must be submitted to a jury").

gaged in an extensive analysis of whether Dickson had preserved the issue for appellate review. The majority in *Dickson* held that the issue was preserved in the trial court and thus continued with its review of the merits of the case. The dissent in *Dickson*, authored by Justice Eakin and joined by Chief Justice Castille, agreed that the issue presented does not implicate the legality of a sentence but concluded, contrary to the majority, that Dickson had waived the issue for appellate review.

¶ 10 Here, the majority attempts to circumvent this rational conclusion by relying upon a litany of cases addressing various issues challenging criminal sentences. The majority first considers several cases authored by our Supreme Court and comes to the broad conclusion that the application of a mandatory minimum sentence relates to the legality of the sentence. However, the cases relied upon by the majority are distinguishable from the instant matter. *Commonwealth v. Vasquez* and *Commonwealth v. Smith, supra.*, address the ability of the Commonwealth to contest *the failure of* the trial court to apply statutorily prescribed sentencing provisions, thus taking the sentences outside of the statutorily prescribed limits and placing them within the classic formulation of sentence illegality. Moreover, the statutes in question in *Vasquez* (18 Pa.C.S.A. § 7508(d)) and *Smith* (42 Pa.C.S.A. § 9714(e) now § 9714(f)) involved appeals by the Commonwealth, not a defendant, and each statute contains specific authority providing the Commonwealth with the right to appellate review when the sentencing court fails to apply the relevant provision. Likewise, I find *In re M.W.*, 555 Pa. 505, 725 A.2d 729 (1999), to be inapposite because it pertains to a chal-

lenge to a juvenile court's actual statutory authority to order the restitution involved.[10] Therefore, *M.W.* presents a divergent procedural posture, which makes it unrelated to the matter presently before this Court.

¶ 11 The majority also turns to various decisions of this Court to support its conclusion. Initially, I observe that *Commonwealth v. Diamond*, 945 A.2d 252 (Pa.Super.2008), is inapplicable here because, as in *Vasquez* and *Smith*, the case involved a Commonwealth appeal as of right from the failure of the trial court to impose a mandatory minimum sentence. Such right to appeal by the Commonwealth is set forth in the statute at 42 Pa.C.S.A. § 9712(d). Furthermore, one can argue that, by failing to provide for the statutory right to appellate review for a defendant challenging the application of a mandatory minimum under section 9712 while expressly doing so for a Commonwealth challenge to the failure to apply the minimum, the General Assembly consciously intended to preclude such review. As stated by our Supreme Court, when statutory language is clear, "it generally furnishes the best indication of legislative intent." *Dickson*, 591 Pa. at 372, 918 A.2d at 100.

¶ 12 The remaining cases cited by the majority, *Commonwealth v. Harley*, 924 A.2d 1273 (Pa.Super.2007), *Commonwealth v. Johnson*, 920 A.2d 873 (Pa.Super.2007), *Commonwealth v. Stafford*, 932 A.2d 214 (Pa.Super.2007), and *Commonwealth v. Bongiorno*, 905 A.2d 998 (Pa.Super.2006), each contain broad statements indicating that a challenge to the application of a mandatory minimum sentence is a non-waivable challenge to the legality of the

---

10. *See In re L.A.*, 853 A.2d 388, 393–394 (Pa.Super.2004) (explaining the fundamentally different nature of juvenile and criminal proceedings and rejecting the Common-

wealth's claim that absence of a Pennsylvania Rule of Appellate Procedure 2119(f) statement in the appellant's brief precluded appellate review of the appellant's issue).

sentence. Upon further scrutiny, however, it appears that those cases fail to cite applicable authority to support that premise. Specifically, *Harley* and *Johnson* quote *Commonwealth v. Littlehales*, 915 A.2d 662, 664 (Pa.Super.2007) (filed Jan. 5, 2007), a pre-*Dickson* decision, for the proposition that "[o]rdinarily, a challenge to the application of a mandatory minimum sentence is a non-waivable challenge to the legality of the sentence." In turn, *Littlehales* cites *Commonwealth v. Jacobs*, 900 A.2d 368 (Pa.Super.2006) (*en banc*) to support the statement. However, upon thorough review, *Jacobs* does not appear to stand for such an assertion. Rather, *Jacobs*, in addressing the issue of whether a trial court's failure to provide a defendant with her right to allocution implicates the legality of sentence, simply noted that failure to impose a mandatory minimum sentence implicates the legality of sentence. Therefore, the broad statement in *Littlehales*, implying that challenges to the application of a mandatory minimum sentence implicate the legality of the sentence, is unsupported by the cited authority and pre-dates our Supreme Court's decision in *Dickson*. Thus, I believe that reliance on *Harley* and *Johnson* is flawed.

¶ 13 I also believe that *Stafford* is inapplicable because it addressed a sentence under the Motor Vehicle Code's mandatory minimum sentencing provisions for multiple DUI convictions, 75 Pa.C.S.A. § 3806. Thus, the court was interpreting the imposition of a sentence under a recidivist statute. Such statutes have been considered to implicate the legality of sentence under our classic formulation of an illegal sentence. *See Commonwealth v. Shiffler*, 583 Pa. 478, 879 A.2d 185 (2005) (application of "three strikes law" implicated the legality of sentence because it enlarged the lawful statutory maximum).

¶ 14 Finally, *Bongiorno*, like *Littlehales*, offers a misstatement of the law. The Court in *Bongiorno* addressed the application of the mandatory minimum sentence provision set forth under 18 Pa.C.S.A. § 6317, pertaining to drug free school zones. Prior to addressing the Appellant's claim, the Court cited *Commonwealth v. Lewis*, 885 A.2d 51, 55 (Pa.Super.2005), for the broad proposition that "[c]hallenges to a trial court's application of a mandatory sentencing provision implicate the legality of sentence." However, *Lewis*, once again a pre-*Dickson* decision, pertains to a Commonwealth appeal of the trial court's failure to impose a mandatory minimum sentence relating to drug-free school zones (18 Pa.C.S.A. § 6317), which, incidentally, also provides the Commonwealth with the right to appellate review, 18 Pa.C.S.A. § 6317(d). Accordingly, reliance on *Bongiorno* is flawed.

¶ 15 For the foregoing reasons, it is my belief that majority's conclusion is unsound. Consequently, I would rely on this Court's *en banc* decision in *Robinson*, and apply the analysis set forth therein. As the Court in *Robinson* concluded:

> Appellant's claim does not fall within the "narrow class of cases" described above [in *Robinson*]; he is not claiming that the sentence fell outside of the parameters prescribed by a statute, or that the claim implicates double jeopardy or *Apprendi* principles. More generally, he is not arguing that the trial court lacked the legal authority/jurisdiction to impose a sentence of that length or type.

*Robinson*, 931 A.2d at 21.

¶ 16 Accordingly, I believe the more prudent course in addressing the claim before us would be to follow the guidance of our Supreme Court in *Dickson*, review this issue as a challenge to the discretionary aspects of Appellant's sentence and not a challenge to the legality of his sen-

tence, and make a determination of whether Appellant preserved the issue for review. I believe that this is the only course consistent with our Supreme Court's treatment of the identical issue in *Dickson*.[11]

¶ 17 While the majority in this matter concludes that Appellant's claim raises a challenge to the legality of Appellant's sentence, I conclude that Appellant's claim implicates a challenge to the discretionary aspects of his sentence. Therefore, in order for this Court to address the merits of the claim, Appellant would have had to raise his claim challenging the applicability of section 9712 either at the sentencing hearing or in timely post-sentence motions. *See* Pa.R.Crim.P. 720. However, my review of the record reflects that Appellant did not raise this issue before the trial court in either instance, a point acknowledged by Appellant and which he attempts to correct by requesting remand for filing of post-sentence motion *nunc pro tunc.* In fact, scrutiny of the sentencing transcript indicates that defense counsel essentially conceded that imposition of the mandatory minimum sentence was appropriate in this case. N.T., 11/30/06, 4. Review of the record further reflects that Appellant raised this issue for the first time in his statement filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Thus, because this issue was not preserved by raising it with the trial court either at the time of sentencing or in timely post-sentence motions, I conclude that the issue is waived and would affirm the judgment of sentence.

---

**11.** I must note that the formal purpose of the Superior Court is to effectuate the decisional law of the Supreme Court as faithfully as possible. *Commonwealth v. Dugger,* 506 Pa. 537, 486 A.2d 382, 386 (1985).