J-S12021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| IAN DAVID SCOTT, | |
| Appellant | No. 1384 MDA 2017 |

Appeal from the Judgment of Sentence entered July 19, 2017,
in the Court of Common Pleas of Lackawanna County,
Criminal Division, at No(s): CP-35-CR-0000233-2017.

BEFORE:  LAZARUS, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.,

MEMORANDUM BY KUNSELMAN, J.:                **FILED APRIL 16, 2018**

Ian Scott files this appeal challenging the discretionary aspects of his sentence.  Scott entered a guilty plea to burglary, robbery, and unauthorized use of a motor vehicle.[1]  The court imposed an aggregate sentence of ten to twenty years in prison.  The Commonwealth argues that Scott waived his sentencing claims by failing to address them in the trial court.  We agree.

Before we will grant allowance of appeal under Section 9781(b), the petitioner "must invoke this Court's jurisdiction by satisfying a four-part test."

---

[1] In exchange for Scott's guilty plea, the Commonwealth dropped several other charges it had pending against him.  Trial Court Opinion, 7/31/17 at 1. Thirteen other charges were withdrawn, including another two additional counts of burglary and robbery.

*Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010). First, the petition for allowance of appeal must have been filed within 30 days of the judgment of sentence under Pennsylvania Rules of Appellate Procedure 902 and 903. Second, the petitioner must have properly preserved the issues for appeal by having raised them at the time of sentencing, or in a Pennsylvania Rule of Criminal Procedure 720 motion to reconsider or to modify the sentence. Third, Pennsylvania Rule of Appellate Procedure 2119(f) requires a concise statement in appellant's brief to justify the allowance of appeal.[2] And, fourth, the Rule 2119(f) statement must present "a substantial question that the sentence imposed is not appropriate under" Chapter 97, Sentencing. 42 Pa.C.S.A. § 9781(b). "Only if the appeal satisfies these requirements may we proceed to decide the substantive merits of Appellant's claim." *Commonwealth v. Luketic*, 162 A.3d 1149, 1159-1160 (Pa. Super. 2017).

The Commonwealth draws our attention to the test's second prong. Commonwealth's Brief at 5. It contends that Scott failed to raise the issues he argues on appeal in either the sentencing proceeding or in his "Motion for Reconsideration and Reduction of Sentence." *Id.* at 6.

Scott frames the issues he would raise before this Court as follows:

> I. Whether the Judge abused his discretion regarding aspects of the Sentence pursuant to 42 Pa.C.S.A. Subsection 9781(c)(2) where the Sentence, although within the Sentencing Guidelines, involved circumstances where the application of the Guidelines was clearly unreasonable?

---

[2] *See Commonwealth v. Tuladziecki*, 522 A.2d 17 (Pa. 1987).

a) Whether the Judge abused his discretion in failing to consider mitigating circumstances?

b) Whether the Judge abused his discretion by considering aggravating circumstances?

c) Whether the Judge abused his discretion by failing to balance mitigating circumstances against any potential aggravating circumstances in crafting the excessive sentence?

Scott's Brief at 4.

Scott raised none of these alleged errors at his sentencing hearing, and they do not match the single issue in his post-sentence motion – *i.e.*, that "the sentence was excessive."  Here, by contrast, Scott seeks allowance to argue that the trial court (1) applied the sentencing guidelines in a clearly unreasonable fashion, (2) failed to consider mitigating circumstances, (3) considered inappropriate aggravating circumstances, and (4) improperly balanced any mitigating circumstances against the aggravating ones.  Clearly, none of these four issues is the same one issue that appears in Scott's post-sentence motion.

The only issue that even mentions an excessive sentence is his fourth one, but this is an afterthought to the main complaint of error:  that the trial court failed "to balance mitigating circumstances against any potential aggravating circumstances" in fashioning the sentence.  Scott's Brief at 4.  His post-sentence motion did not challenge the trial judge's discretion in fashioning his sentence relative to the balancing of circumstances.  Instead, Scott reiterated facts that he believed weighed against the imposition of a

sentence in the aggravated range, but he did not compare and contrast them with the factors that the judge found necessitated aggravated sentencing. Thus, the type of argument that might have satisfied the second prong of our allowance-of-appeal test was not raised in Scott's "Motion for Reconsideration and Reduction of Sentence."

Moreover, even if Scott's fourth issue appeared in his post-sentence motion, he did not include it in his Pennsylvania Rule of Appellate Procedure 1925(b) statement.[3]  The issue's omission from his Rule 1925(b) statement

---

[3] We note that Scott's 1925(b) statement was not a concise statement of errors.  Rather, it made a full re-argument to the trial judge, over the course of several pages, more like a second motion for reconsideration.  Making the 1925(b) statement a verbatim precursor of the "[s]tatement of the questions involved" page of the appellate brief is the surest way to avoid this waiver dilemma.  Pennsylvania Rule of Appellate Procedure 2111(a)(4).

As far as which issues Scott raised in this statement, the best we can surmise is that they appear in paragraphs 6-8, as follows:

> The Court abused its discretion by not following the implicit agreement and understanding of the parties with regard to a standard sentence and, furthermore, by fashioning an excessive and manifestly unreasonable sentence under the total circumstances of this case.  The sentence is clearly unreasonable and disproportionate to Defendant/Appellant's conduct.

> Furthermore, the court also did not adequately state its reasons for the egregious sentence and for disregarding the implicit agreement and understanding of the Defendant/Appellant and Commonwealth.

> Additionally, the Court failed to take into consideration the mitigating factors of the Defendant/Appellant's circumstances, the cooperation the Defendant/Appellant

"may be considered by the appellate court as a waiver…" Pa.R.A.P. 1925(b).

As this Court has explained:

> failure to raise a particular issue in the concise statement of matters complained of on appeal may result in a waiver of that issue. **Gilmore by Gilmore v. Dondero**, 399 Pa.Super. 599, 582 A.2d 1106, 1108 (1990). **See also Commonwealth v. Forest**, 427 Pa.Super. 602, 607, 629 A.2d 1032, 1035 (1993), **allocatur denied**, 536 Pa. 642, 639 A.2d 28 (1994). It is, however, within the appellate court's discretion to review the issue unless the failure to raise the issue in the Pa.R.App.P. 1925(b) statement hinders appellate review. **Gilmore by Gilmore v. Dondero**, *supra* at 604, 582 A.2d at 1108. The rationale behind this rule is that when an appellant fails to raise an issue in the Pa.R.App.P. 1925(b) statement, an appellate court may not have the benefit of the rationale of the trial court in support of its decision. **Id.** at 604, 582 A.2d at 1108. In the event that an issue raised in the Pa.R.App.P. 1925(b) statement is analogous to and essentially presents the same legal question as a properly raised challenge, this Court will often review the entire case. **See id.** at 604, 582 A.2d at 1108.

**Taylor v. Owens-Corning Fiberglas Corp.**, 666 A.2d 681, 688–89 (Pa. Super. 1995). None of Scott's other three issues survive the Commonwealth's waiver challenge. Thus, his fourth issue cannot come under our exception to Pa.R.A.P. 1925(b) waiver, even if he had included it in his post-sentence motion.

---

> gave to the Commonwealth, and the fact that this case clearly arose from the contributions and actions of another, un-charged, Codefendant, who was the mastermind of the incident.

Scott's 1925(b) Statement at 3. Scott did not mention an improper balancing of circumstances anywhere in these paragraphs.

We therefore conclude that Scott did not afford the trial court proper opportunity to address any alleged errors regarding the discretionary aspects of sentencing prior to filing this petition for allowance of appeal.  He would, instead, be raising them "for the first time on appeal."  **Commonwealth v. Foster**, 960 A.2d 160, 163 (*quoting* Pennsylvania Rule of Appellate Procedure 302(a)).  This we cannot allow.[4]  ***Id.***

Petition for allowance of appeal denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/16/2018

_____

[4] Because Scott has failed to satisfy the second prong of the four-part test to challenge the discretionary aspects of sentence, **Moury, supra**, we need not consider the other three prongs.