J-S38009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICHARD M. DECKER, JR. | |
| Appellant | No. 1944 MDA 2014 |

Appeal from the PCRA Order of November 4, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No.: CP-36-CR-0001576-2010

BEFORE:  WECHT, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY WECHT, J.:                    **FILED JULY 14, 2015**

Richard M. Decker, Jr., appeals the November 4, 2014 order that dismissed his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

The PCRA court summarized the factual and procedural history of this case as follows:

> On December 9, 2009[,] just after midnight, [Decker] and another individual entered the House of Pasta in Lancaster County, Pennsylvania, they each removed a six pack of beer from the cooler, then they left without paying for them.  When they were about to drive away, two restaurant employees confronted [Decker] and the other individual, demanding that they return the beer.  The other individual returned it, but [Decker] pointed a handgun[1] at them, putting them in fear of imminent serious bodily injury.  [Decker] and the other individual drove off.
>
> > [1] The handgun was a BB gun that looked like a semiautomatic weapon, and the orange tape indicating that it was a non-lethal weapon had been blackened to

make it look like a lethal weapon. Indeed, when the gun was pointed at the victims, they became afraid and left the parking lot.

By Criminal Information at Docket No. 1576-2010, [Decker] was charged with Robbery-Threat of Immediate Serious Injury (F-1) (Count One), Criminal Conspiracy-Robbery (F-1) (Count 2), and Retail Theft (S) (Count Three).[1] Michael V. Marinaro, Esquire was appointed to represent [Decker].

On August 11, 2011, [Decker] pled guilty pursuant to an open plea to the Robbery charge at Count One. Following submission of a 7-page written colloquy and the [sentencing court's] oral colloquy, [the sentencing court] accepted [Decker's] guilty plea and deferred sentencing pending the completion of a pre-sentence investigation. On September 20, 2011, the Commonwealth filed a Notice of Intention to Seek Imposition of Mandatory Minimum Sentence pursuant to 42 Pa.C.S.A. § 9712.

On September 23, 2011, [the sentencing court held its sentencing hearing. Decker] was aware that a mandatory minimum sentence of at least five years could be imposed and was also aware that, without considering the mandatory sentencing and based on his prior record, the minimum sentence per sentencing guidelines would be 6.5 years. On Count One, [the sentencing court] sentenced [Decker] to a sentence of 6.5 to 15 years plus restitution and costs. [Decker] did not file any post-sentence motions or a direct appeal.

On October 3, 2013, [Decker] filed a *pro se* first Petition for Post-Conviction Relief. Vincent J. Quinn, Esquire, was appointed as counsel for this first PCRA Petition. On December 20, 2013, Attorney Quinn filed a "No-Merit Letter" and a Motion to Withdraw as Counsel ("Motion to Withdraw") pursuant to ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1998). On January 27, 2014, [the PCRA court] issued a Rule 907[2] Notice, to which [Decker] did not respond. By Order docketed

---

[1] ***See*** 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 903(a)(2), and 3929(a)(1), respectively.

[2] Pa.R.Crim.P. 907.

on February 25, 2014, [the PCRA court] dismissed the Petition and granted Attorney Quinn's Motion to Withdraw.

On September 18, 2014, [Decker] filed his *pro se* second Petition for Post-Conviction Relief ("Second Petition"), claiming that he was sentenced pursuant to a minimum mandatory sentencing statute that subsequently was declared to be unconstitutional. He asked the [court] to re-sentence him without consideration of the sentencing statute. On September 26, 2014, [the PCRA court] issued a Rule 907 Notice informing [Decker] that [the PCRA court] intended to dismiss his Second Petition without further proceedings and allowing him to file a Response within 20 days. Again, [Decker] did not file a Response. Therefore, by Order dated October 23, 2014 and docketed on November 4, 2014, [the PCRA court] dismissed the Second Petition. On November 3, 2014, [Decker] filed a timely *pro se* Notice of Appeal. By Order dated November 19, 2014, [the PCRA court] directed him to file a [concise] statement of matters complained of on appeal ("Concise Statement") within 21 days and notified him that "[a]ny issue not properly included in the statement timely filed and served pursuant to Pa.R.A.P. 1925(b) shall be deemed waived." [Decker] failed to file a Concise Statement.

PCRA Court Opinion, 1/7/2015, at 1-4 (citations to record and some footnotes omitted). On January 7, 2015, the PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a), in which it concluded that Decker had waived all of his issues on appeal because he did not file a concise statement.

Decker raises one issue on appeal: "Was [Decker] sentenced under the mandatory sentencing statutes guidelines therefore making [Decker's] sentences illegal under the United States Constitution and the Pennsylvania Constitution?" Decker's Brief at v.

Before reaching the merits of Decker's issue, we must determine whether Decker has preserved the issue, and whether we have jurisdiction to entertain it. Rule 1925(b) requires an appellant to file a concise

statement if ordered to do so by the presiding judge. Any issues not preserved in the concise statement are waived. Pa.R.A.P. 1925(b)(4)(viii). However, claims regarding the legality of sentence are non-waivable. ***Commonwealth v. Foster***, 960 A.2d 160, 163 (Pa. Super. 2008). Challenges to the application of a mandatory minimum sentence are generally challenges to the legality of a sentence. ***Commonwealth v. Eisenberg***, 98 A.3d 1268, 1274 (Pa. 2014). Therefore, Decker's failure to file a concise statement is not fatal to his claim, if, and only if, we have jurisdiction to review the case. ***See Commonwealth v. Robinson***, 931 A.2d 15, 19-20 (Pa. Super. 2007) ("A challenge to the legality of the sentence . . . is non-waivable, and may be entertained so long as the reviewing court has jurisdiction.").

Accordingly, we must consider whether we have jurisdiction to consider Decker's issue on appeal. "[T]he PCRA time restrictions are jurisdictional in nature; consequently, Pennsylvania courts may not entertain untimely PCRA petitions." ***Commonwealth v. Watts***, 23 A.3d 980, 983 (Pa. 2011). Although a challenge to the legality of a sentence is technically non-waivable, a court must first have jurisdiction before it may review such a claim. ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999).

To be timely, a PCRA petition must be filed within one year of the judgment of sentence becoming final. 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the

Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  42 Pa.C.S.A. § 9545(b)(3). The statute also provides for three exceptions to the one-year time bar:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b).

Here, Decker's sentence became final on October 23, 2011, when the time elapsed for Decker to file a direct appeal.  Therefore, Decker had until October 23, 2012 to file a timely PCRA petition.  The instant petition was filed on September 18, 2014 and was facially untimely.  We must determine whether any of the exceptions apply.

In his PCRA petition, Decker asserts that the "newly-discovered fact" exception, 42 Pa.C.S.A. § 9545(b)(1)(ii), should apply.  Decker argues that he could not have known about *Alleyne v. United States*, 133 S.Ct. 2151

(2013), and its progeny, which have declared the mandatory minimum sentence statute unconstitutional, and their existence could not have been ascertained within the one-year time bar. PCRA Petition, 9/18/2014, at 3-4. However, our Supreme Court has held that "subsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA." *Commonwealth v. Watts*, 23 A.3d 980, 987 (Pa. 2011). Therefore, this exception does not provide Decker relief.

Decker also is not entitled to relief pursuant to the "newly recognized constitutional right" exception. *See* 42 Pa.C.S.A. § 9545(b)(1)(iii). We have held that the exception does not apply to cases involving *Alleyne*:

> Even assuming that *Alleyne* did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases.

*Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014).

Because no exception to the PCRA time-bar applies, Decker's PCRA petition was untimely. Neither this Court nor the PCRA court have jurisdiction to reach the merits of Decker's legality of the sentence claim, and we affirm the PCRA court's order dismissing the petition.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/14/2015