J-S52042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM E. VUKICH | |
| Appellant | No. 427 WDA 2015 |

Appeal from the PCRA Order of February 11, 2015
In the Court of Common Pleas of Beaver County
Criminal Division at Nos.:   CP-04-CR-0001236-2008
CP-04-CR-0001869-2008
CP-04-CR-0001862-2008
CP-04-CR-0001864-2008

BEFORE:  SHOGAN, J., WECHT, J., and OLSON, J.

MEMORANDUM BY WECHT, J.:                    **FILED NOVEMBER 4, 2015**

William E. Vukich appeals the February 11, 2015 order dismissing his petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as untimely.  We affirm.

In 2008, Vukich entered a guilty plea to theft and burglary offenses. Vukich received an aggregate sentence of two to four years' imprisonment, and seven years' probation.  In 2013, Vukich violated his probation, and was re-sentenced to one to three years' imprisonment.   The PCRA court summarized the relevant procedural history of this case as follows:

> On November 7, 2014, Vukich filed *pro se* a Petition under the PCRA.  On December 9, 2014, the court entered an order appointing conflicts counsel to represent Vukich in his PCRA Petition and granting counsel sixty (60) days to amend Vukich's PCRA Petition. On January 26, 2015,

counsel for Vukich filed a No-Merit Memorandum and Petition to Withdraw from the PCRA Proceeding. On January 29, the court entered an Order granting counsel's motion to withdraw and an Order for Rule to Show Cause why Vukich's PCRA Petition should not be dismissed, which notified Vukich of the court's intent to dismiss the Petition and of Vukich's right to proceed either *pro se* or by private counsel.

On February 6, 2015, Vukich filed a request for Leave to Amend [his] PCRA Petition. . . . On February 11, 2015, the court entered an Order denying Vukich's Request for Leave to Amend, an Order dismissing Vukich's PCRA Petition Without Hearing, and an Order granting Vukich leave to proceed *in forma pauperis* and directing Vukich to specify which transcripts he was requesting.

PCRA Court Opinion ("P.C.O."), 4/10/2015, at 1-2 (minor modifications for clarity).

On February 23, 2015, Vukich timely filed a notice of appeal. On March 12, 2015, the PCRA court ordered Vukich to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Vukich timely complied. On April 10, 2015, the PCRA court filed a Pa.R.A.P. 1925(a) opinion.

On appeal, we interpret Vukich's brief as raising the following issues for our consideration:

1. Whether the sentence that followed [Vukich's] revocation of probation was illegal and unconstitutional under the United States Constitution and [the] Pennsylvania Constitution?

2. Whether [Vukich's] sentence breached his plea agreement?

3. Whether [Vukich's] appointed counsel was ineffective and incompetent?

- 2 -

*See* Brief for Vukich at 6-9.

Our standard of review for an order denying PCRA relief is well-settled:

This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record. Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that a petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence.

*Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011) (citations and quotation marks omitted).

Before we can consider the merits of Vukich's issues, we first must determine whether his PCRA petition was timely filed, thereby conferring jurisdiction upon the PCRA court to rule upon the petition in the first instance. In *Commonwealth v. Jackson*, 30 A.3d 516 (Pa. Super. 2011), we articulated the timeliness standards under the PCRA as follows:

The PCRA "provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S.A. § 9542. When an action is cognizable under the PCRA, the PCRA is the "sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose[.]" 42 Pa.C.S.A. § 9542.

In order for a court to entertain a PCRA petition, a petitioner must comply with the PCRA filing deadline. *See Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003). The time for filing a petition is set forth in 42 Pa.C.S.A. § 9545(b), which provides in relevant part:

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

* * *

42 Pa.C.S.A. § 9545(b).

"[T]he time limitations pursuant to . . . the PCRA are jurisdictional." *Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa. 1999). "[Jurisdictional time] limitations are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits." *Id.* "If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." *Commonwealth v. Perrin*, 947 A.2d 1284, 1285 (Pa. Super. 2008).

*Id.* at 518-19.

Instantly, Vukich was sentenced for violating his probation in each of the above-captioned cases on January 13, 2013. Vukich did not file a direct appeal. Thus, his judgment of sentence became final on February 13, 2013. *See* 42 Pa.C.S. § 9545(b)(3) ("A judgment becomes final at the conclusion

of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."). To be timely, Vukich had to file his PCRA petition within one year of that date, on or before February 13, 2014. *See* 42 Pa.C.S. § 9545(b)(1) ("[A]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final."). Vukich filed the instant petition on November 7, 2014, approximately one year and nine months after his judgment of sentence became final. Consequently, Vukich's PCRA petition facially is untimely.

Nonetheless, as noted above, an untimely PCRA petition will be deemed to be timely filed if the petitioner has pleaded and proven in his PCRA petition one of the three enumerated exceptions to the PCRA's time bar. *See* 42 Pa.C.S. § 9545(b)(1). The PCRA court noted in its opinion that Vukich has failed to demonstrate that one of the exceptions applies. *See* P.C.O. at 5. We agree.

In his *pro se* PCRA petition, Vukich checked two boxes alleging interference by government officials and newly-discovered facts, referencing 42 Pa.C.S. § 9545(b)(i)-(ii). The core of Vukich's claim for relief, as set forth in his PCRA petition and in his brief to this Court, are his contentions that the sentence imposed following his probation violation was illegal, that he received ineffective assistance of counsel, and that he was subject to double jeopardy due to an alleged breach of his plea agreement.

The PCRA court highlighted that Vukich's argument for governmental interference is strongly rooted in his claim of ineffective assistance of counsel. We agree. Ineffective counsel will not satisfy the requirements to meet the government interference exception. Thus, Vukich's argument is without merit. 42 Pa.C.S. § 9545(b)(4) ("For purposes of this subchapter, 'governmental officials' shall not include defense counsel, whether appointed or retained); *Commonwealth v. Crews*, 863 A.2d 498, 503 (Pa. 2004) ("It is well settled that the alleged ineffectiveness of all prior counsel, including the first PCRA counsel, does not fall within the governmental interference exception.").

Similarly, Vukich's newly discovered facts claim is primarily tied to his claim of ineffective assistance of counsel, as he asserts that his appointed counsel lied to him. Once more, an allegation of ineffective assistance of counsel will not suffice to satisfy the newly discovered facts exception. *Commonwealth v. Edmiston*, 65 A.3d 339, 349 (Pa. 2013) ("[W]e have previously rejected attempts to circumvent the timeliness requirements of the PCRA by asserting prior counsel's ineffectiveness for failing timely to raise a claim. As we have explained, the nature of the constitutional violations alleged has no effect on the application of the PCRA time bar. Rather, the only cognizable exceptions are set forth at Section 9545(b)(1).").

Vukich finally argues that his sentence was illegal, constituting both a breach of his plea agreement and double jeopardy because he is serving a

second sentence for the same offense. We recognize that "the legality of a sentence is a non-waivable issue subject to review at any stage of the judicial process or *sua sponte* by the court." **Commonwealth v. Sharpe**, 665 A.2d 1194, 1195 (Pa. Super. 1995). But, it is well-settled that such a claim does not, *ipso facto*, provide a PCRA court with jurisdiction. Although it is true that claims regarding the legality of a sentence generally cannot be waived, **See Commonwealth v. Foster**, 960 A.2d 160, 163 (Pa. Super. 2008), waiver and jurisdiction are separate matters. "Though not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised for the first time in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." **Commonwealth v. Slotcavage**, 939 A.2d 901, 903 (Pa. Super. 2007) (citing **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.")).

Vukich has not established the PCRA court's jurisdiction to grant relief on his untimely PCRA petition. Vukich filed his PCRA petition approximately one year and nine months after his judgment of sentence became final. Vukich has not proved the applicability of any of the enumerated exceptions to the PCRA's time bar. Thus, the PCRA court lacked jurisdiction over his petition, and did not err or abuse its discretion in dismissing the petition on that basis.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/4/2015