J-S04004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MEARL TRAPPER CLARK | |
| Appellant | No. 604 WDA 2015 |

Appeal from the PCRA Order March 30, 2015
In the Court of Common Pleas of Butler County
Criminal Division at No(s): CP-10-CR-0001765-2001

BEFORE:  BOWES, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 16, 2016**

Mearl Trapper Clark appeals from the March 30, 2015 order dismissing his *pro se* PCRA petition.  We affirm.

On August 5, 2002, Appellant pled guilty to two counts each of involuntary deviate sexual intercourse, and the Commonwealth *nol prossed* two counts each of sexual abuse of children, and possession of child pornography as well as other offenses.  These charges arose from Appellant's long-standing sexual abuse of his two minor stepdaughters, both of whom were under ten years old when victimized.

On December 23, 2002, Appellant was found to be a sexually violent predator ("SVP"), and sentenced to ten to thirty years imprisonment followed by ten years probation.  On March 19, 2004, we affirmed, rejecting

_____
* Retired Senior Judge assigned to the Superior Court.

his challenge to the court's determination that he was an SVP. **Commonwealth v. Clark**, 850 A.2d 5 (Pa.Super. 2004) (unpublished memorandum). Appellant filed a timely PCRA petition on May 4, 2004, and that petition was denied. Appellant's appeal from that denial was dismissed due to his failure to file a brief. Appellant filed a second PCRA petition, which was dismissed as untimely. On appeal, we affirmed. **Commonwealth v. Clark**, 22 A.3d 1083 (Pa.Super. 2010) (unpublished memorandum).

On March 2, 2015, Appellant filed a third PCRA petition, which he styled as a motion to vacate an illegal sentence. He claimed that his sentence, which was imposed pursuant to 42 Pa.C.S. § 9718, relating to sentences for offenses against infant persons and imposing mandatory minimum sentences according to the age of a victim, was unconstitutional under **Alleyne v. United States**, 133 S.Ct. 2151 (2013).[1] After issuing notice of its intent to do so, the PCRA court dismissed Appellant's petition. This *pro se* appeal followed. Appellant did not comply with the trial court's directive, which was issued after this appeal was filed, for him to file a Pa.R.A.P. 1925(b) statement. Appellant avers herein that his mandatory

---

[1] In **Alleyne**, the United States Supreme Court held that any fact, other than a prior conviction, that triggers application of a mandatory minimum sentence must be proven beyond a reasonable doubt before the factfinder. Section 9718 was held unconstitutional based upon **Alleyne**. **Commonwealth v. Wolfe**, 106 A.3d 800 (Pa.Super. 2014), *appeal granted*, 121 A.3d 433 (Pa. 2015).

minimum sentence is illegal under **Alleyne** and that the trial court erred in determining that it was not authorized to vacate it.[2] Appellant's brief at 4.

Initially, we note that our "standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." **Commonwealth v. Smith**, 121 A.3d 1049, 1052 (Pa.Super. 2015). Before we proceed to the merits of Appellant's contention that his sentence was rendered illegal under **Alleyne**, we must determine whether Appellant's March 2, 2015 PCRA petition was timely filed as that issue implicates our jurisdiction. **Commonwealth v. Miller**, 102 A.3d 988 (Pa.Super. 2014). If a PCRA petition is untimely, "neither this Court nor the trial court has jurisdiction over the petition." **Id**. at 992 (quoting **Commonwealth v. Seskey,** 86 A.3d 237, 241 (Pa.Super. 2014)); **see Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006).

Any PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to the one-year time restriction applies. 42 Pa.C.S. § 9545(b)(1). Accordingly, we must determine when Appellant's judgment of sentence

---

[2] Appellant's challenge to his mandatory minimum sentence relates to its legality, and cannot be waived. **Commonwealth v. Foster**, 960 A.2d 160 (Pa.Super. 2008), *aff'd by an equally divided court*, 17 A.3d 332 (Pa. 2011). Hence, we decline to find waiver based upon Appellant's failure to file a Pa.R.A.P. 1925(b) statement.

became final. "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). In this case, since Appellant did not file a petition for allowance of appeal, Appellant's sentence became final on April 18, 2004, thirty days after our March 19, 2004 affirmance on direct appeal. Appellant had until April 18, 2005, to file a timely PCRA petition, and the present March 2, 2015 petition is untimely by ten years.

There are three exceptions to the one-year time bar of § 9545:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii). "Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Herein, Appellant does not acknowledge that his petition was untimely and does not invoke any exception. He continually insists that his issue

relates to the legality of his sentence and maintains that such an issue cannot be waived. However, our Supreme Court has held specifically that, "Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999); **see also Commonwealth v. Jackson**, 30 A.3d 516 (Pa.Super. 2011).

Accordingly, Appellant's brief fatally fails to address the crucial issue on appeal, which is how his petition falls within one of the exceptions to the PCRA's one-year time bar. We further observe that we have held specifically that, since **Alleyne** has not been held to be retroactive by either our Supreme Court or the United States Supreme Court, it does not fall within the newly-recognized constitutional right exception to § 9545(b)(1). **Miller**, **supra**. Finally, **Alleyne** was decided on June 17, 2013, and Appellant did not file the present PCRA petition until March 2, 2015. Thus, he did not present his claim within sixty days of when it could have been presented, and his PCRA petition is untimely for that additional reason.

Having determined that the present PCRA petition was untimely, we affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/16/2016