**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JEFFREY LYNN CRESSWELL | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| SHEILA KAYE CRESSWELL, N/K/A SHEILA KAYE CRESSWELL ECKERT, JULIE MARIE ECKERT, MARTIN MEADE KOBSIK AND MARTIN PHILLIP KOBSIK | |
| Appellees | No. 565 WDA 2017 |

Appeal from the Order Entered March 13, 2017
In the Court of Common Pleas of Mercer County
Civil Division at No(s): 2600-2015, C.A.

BEFORE: MOULTON, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY SOLANO, J.:                   **FILED NOVEMBER 14, 2017**

Appellant Jeffrey Lynn Cresswell appeals from the order entered on March 13, 2017, denying his motions to hold Appellees Martin Meade Kobsik and Martin Phillip Kobsik in contempt and requesting an award of counsel fees.[1]  We affirm.

On August 31, 2015, Cresswell commenced this action by filing a complaint against his former wife Sheila Kaye Cresswell, Julie Marie Eckert, and the Kobsiks.  Compl., 8/31/15, at ¶¶ 2-6.  Cresswell "alleged that [the Kobsiks] unlawfully entered onto [Cresswell's] real property and unlawfully removed items of personalty."  Trial Ct. Op. at 2; *see also* Compl., 8/31/15, at ¶¶ 12-21.  The complaint attached a list of the property at issue, and one

_____

[1] The other captioned defendants are not parties to this appeal.

item on that list was an "International diesel farm tractor with attachments." Ex. B to Compl. The complaint stated claims against each defendant for conversion, trespass to chattels, trespass to land, civil conspiracy, replevin, and punitive damages. Compl., 8/31/15, at ¶¶ 22-59. Cresswell "sought return of the items or damages for their value," which he approximated as totaling $47,105. Trial Ct. Op. at 2; *see also* Ex. B. to Compl.

Prior to the start of trial, Cresswell and the Kobsiks agreed to resolve their dispute. Trial Ct. Op. at 2. The agreement was read into the record and memorialized as a court order dated January 17, 2017:

> AND NOW, this 17th day of January 2017, Defendants Martin Meade Kobsik and Martin Phillip Kobsik have reached a settlement. IT IS HEREBY ORDERED that said Defendants shall pay the sum of $2500.00 to the Plaintiff this date, and said Plaintiff shall be permitted to retrieve the International tractor and attachments in Defendants' possession at his earliest convenience. The parties shall work with each other to effectuate said pick up.
>
> The Plaintiff shall file the appropriate Praecipe to Discontinue.

Order, 1/17/17 (read into the record at N.T., 1/17/17, at 6).

On February 10, 2017, Cresswell petitioned for an adjudication that the Kobsiks were in contempt because they had not returned all of the "attachments" contemplated under the January 17, 2017 order. At an evidentiary hearing held on the petition on March 13, 2017, Cresswell testified that in the fall of 2016 he went to the Kobsiks' residence to inspect the property that was to be returned to him and observed attachments for a Kioti tractor — a different tractor from the International tractor that had

been taken from Cresswell's property. Cresswell contended that the Kobsiks were obligated to give those attachments to him as part of the settlement. Martin Meade Kobsik testified that the Kioti attachments were for a tractor that they Kobsiks were in the process of purchasing and were never part of their settlement with Cresswell. Trial Ct. Op. at 2-3, 6 (citing N.T., 3/13/17, at 16-17).[2]

The trial court denied Cresswell's motion. It found the settlement required return of the "International tractor and attachments" and that it therefore did not refer to the Kioti tractor attachments. Trial Ct. Op. at 3. Cresswell then filed this timely appeal, in which he presents the following issues for our review:

> I.   Did the trial court commit reversible error by denying [Cresswell's] Petition for Adjudication of Indirect Civil Contempt as the [trial c]ourt determined that the settlement between the Appellant and Appellees, Martin Meade Kobsik and Martin Phillip Kobsik, only included attachments within the [Kobsiks'] possession purchased for the International tractor when the parties agreed that the attachments within the [Kobsiks'] possession were to be included as stated in the Order of Court dated January 17, 2017?

---

[2] The record is unclear as to whether the Kobsiks were in possession of the Kioti tractor when Cresswell visited their residence in the fall of 2016. When asked when he received the Kioti tractor, Martin Meade Kobsik answered, "We got it from a friend who is going through a divorce. It remained in his possession until the sale of his house. We have been making payments on it for six months. We took possession of it in October or November [2016]." N.T., 3/13/17, at 16. Cresswell was at the Kobsiks' residence in October 2016. *Id.* Kobsik explained that he was in possession of the attachments for the Kioti tractor prior to taking possession of the Kioti tractor itself, even though he had already "been making payments" on the Kioti tractor. *Id.*

II. Did the trial court commit reversible error by ruling that the Appellees, Martin Meade Kobsik and Martin Phillip Kobsik, were not in contempt of [the trial c]ourt based upon their assertion that the additional tractor attachments were acquired for use with a Kioti tractor that was purchased subsequent to [Cresswell] observing the additional attachments at the [Kobsiks'] residence?

III. Did the trial [c]ourt commit reversible error in deciding that the testimony of Appellee Martin Meade Kobsik was credible concerning the intent to utilize the additional tractor attachments with the Kioti tractor, which was purchased subsequent to [Cresswell] observing the attachments at issue while inspecting the [Kobsiks'] residence, Appellee [Martin Meade] Kobsik testified he did not utilize the tractor and he stated that several of the attachments did not require an operational power take-off demonstrating that those attachments could have been utilized with the International tractor?

IV. Did the trial court err in determining that the additional tractor attachments sought by [Cresswell] in his Petition for Adjudication of Indirect Civil Contempt were purchased for a tractor the [Kobsiks] were not in possession of until approximately one (1) month after the attachments were observed by [Cresswell] on the [Kobsiks'] residence and the attachments were compatible with the International tractor?

V. Did the trial [c]ourt err in not declaring that the settlement reached between [Cresswell] and Appellees, Martin Meade Kobsik and Martin Phillip Kobsik, was void based upon an apparent mutual mistake as to the terms and conditions of the settlement agreement entered on the record and memorialized in the [trial c]ourt's Order dated January 17, 2017 as the inclusion of the attachments within the [Kobsiks'] possession constituted an essential term of the settlement agreement?

Cresswell's Brief at 5-6.

Our standard of review follows:

When considering an appeal from an order holding a party in contempt for failure to comply with a court order, our scope of review is narrow: we will reverse only upon a showing the court abused its discretion. We also must consider that [e]ach court is the exclusive judge of contempts against its process. The

contempt power is essential to the preservation of the court's authority and prevents the administration of justice from falling into disrepute. When reviewing an appeal from a contempt order, the appellate court must place great reliance upon the discretion of the trial judge. The court abuses its discretion if it misapplies the law or exercises its discretion in a manner lacking reason.

*Habjan v. Habjan*, 73 A.3d 630, 637 (Pa. Super. 2013) (internal brackets, citations, and quotation marks omitted; some additional formatting).

"In proceedings for civil contempt of court, the general rule is that the burden of proof rests with the complaining party to demonstrate that the defendant is in noncompliance with a court order." *Sutch v. Roxborough Mem'l Hosp.*, 142 A.3d 38, 68 (Pa. Super.), *appeal denied*, 163 A.3d 399 (Pa. 2016). Here, that order memorializes a settlement agreement. We have held that —

> Settlement and release agreements are construed in the same manner as contracts generally. The intention of the parties to a written release is paramount. Therefore, a settlement and release normally covers matters that can be fairly said to have been contemplated by the parties when the agreement was signed. A settlement and release agreement should be interpreted in a manner which ascribes the most reasonable, probable and natural conduct of the parties, bearing in mind the objects manifestly to be accomplished.

*Nationwide Ins. Co. v. Schneider*, 906 A.2d 586, 595 (Pa. Super. 2006) (*en banc*) (internal brackets, citations, and quotation marks omitted), *aff'd*, 960 A.2d 442 (Pa. 2008).

Cresswell first contends:

The trial court committed reversible error by denying Appellant's Petition for Adjudication of Indirect Civil Contempt as the [trial c]ourt determined that the settlement between the Appellant

- 5 -

and Appellees, Martin Meade Kobsik and Martin Phillip Kobsik, only included attachments within the Appellees' possession purchased for the International tractor when the parties agreed that they attachments within the Appellees' possession were to be included as stated in the Order of Court dated January 17, 2017.

. . .

The trial court misconstrued the rules of contract interpretation and the language contained within the Order of Court dated January 17, 2017, in its Opinion dated May 10, 2017. The [trial c]ourt inserted its own interpretation of the contract by delving into the intentions of the parties and not strictly enforcing the settlement agreement as it was stated on the record without objection.

Cresswell's Brief at 18, 20. The trial court rejected this argument, stating:

"The only logical reading of the phrase 'International tractor and attachments' in the settlement order is that it applied solely to attachments for the International tractor. Those are the attachments [Cresswell] sought in his complaint." Trial Ct. Op. at 5. The trial court characterizes Cresswell's assertion that the other items were part of the agreement as "at best, disingenuous." **Id.** at 6. We agree with the trial court.

As the Kobsiks point out, the settlement order "contemplates only the International tractor and the attachments that correspond with it, all of which were previously owned by [Cresswell]. Simply put, the agreement was to return [Cresswell's] property to him." Kobsiks' Brief at 2-3. Construing the settlement agreement "in a manner which ascribes the most reasonable, probable and natural conduct of the parties," **Nationwide Ins.**, 906 A.2d at 595, the phrase "International tractor and attachments in Defendants' possession" cannot mean anything other than the attachments

for the International tractor that were in the Kobsiks' possession. The settlement agreement says nothing about attachments for other types of tractors or about other attachments that had not previously been owned by Cresswell. Cresswell's construction of the phrase as including all other attachments that he never owned is, as the trial court held, disingenuous.

Cresswell's second, third, and fourth issues challenge credibility determinations made by the trial court regarding the Kobsiks' assertions that they purchased the Kioti tractor attachments for use with a Kioti tractor they were in the process of acquiring. Questions of credibility are for the trial court, and we will not disturb a trial court's assessment of the evidence. As we have explained:

> In a non-jury trial, the factfinder is free to believe all, part, or none of the evidence, and the Superior Court will not disturb the trial court's credibility determinations. Assessments of credibility and conflicts in evidence are for the trial court to resolve; this Court is not permitted to reexamine the weight and credibility determinations or substitute our judgments for those of the factfinder. The test is not whether this Court would have reached the same result on the evidence presented, but rather, after due consideration of the evidence the trial court found credible, whether the trial court could have reasonably reached its conclusion.

***Gutteridge v. J3 Energy Grp., Inc.***, 165 A.3d 908, 916 (Pa. Super. 2017) (*en banc*) (internal citations and quotation marks omitted). The trial court "found Martin Meade Kobsik's testimony regarding which tractor the attachments at issue were purchased for to be credible." Trial Ct. Op. at 6. The evidence supports the court's finding. Cresswell's issues regarding credibility therefore merit no relief.

Cresswell's final challenge is:

The trial [c]ourt committed reversible error in not declaring that the settlement reached between the Appellant and Appellees, Martin Meade Kobsik and Martin Phillip Kobsik, was void based upon an apparent mutual mistake as to the terms and conditions of the settlement agreement entered on the record and memorialized in the [trial c]ourt's Order dated January 17, 2017 as the inclusion of the attachments within the Appellees' possession constituted an essential term of the settlement agreement.

Cresswell's Brief at 35. The trial court found this issue to be waived "because it was never raised in the petition for contempt." Trial Ct. Op. at 7. We agree. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

Cresswell argues that this issue was preserved because he included it in his statement of errors under Pa.R.A.P. 1925(b)(4). Appellant's Brief at 35. However, inclusion of an issue in a Rule 1925(b) Statement cannot avoid a holding of waiver if the issue was not raised in the trial court prior to appeal. *Commonwealth v. Foster*, 960 A.2d 160, 163 (Pa. Super. 2008), *aff'd*, 17 A.3d 332 (Pa. 2011); *Commonwealth v. Melendez-Rodriguez*, 856 A.2d 1278, 1287 (Pa. Super. 2004) (*en banc*). Because Cresswell did not raise this last issue for the trial court's consideration prior to his appeal, the issue is not preserved.

Order affirmed.

Judgment Entered.

- 8 -

Joseph D. Seletyn, Esq.
Prothonotary


Date:  11/14/2017