**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MIGUEL FIGUEROA-NOVOA, | |
| Appellant | No. 430 MDA 2017 |

Appeal from the PCRA Order February 6, 2017
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000931-2011

BEFORE:  PANELLA, SHOGAN, and FITZGERALD,* JJ.

MEMORANDUM BY SHOGAN, J.:               **FILED NOVEMBER 20, 2017**

Appellant, Miguel Figueroa-Novoa, appeals *pro se* from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the procedural history of this case as follows:

> A jury trial was held from April 22, 2013 through April 30, 2013.  [Appellant] was convicted and found guilty of first degree murder[3], attempted murder[4], and carrying a firearm without a license[5].  On May 1, 2013, he was sentenced to life imprisonment, a consecutive term of 20 to 40 years' incarceration for attempted murder, and a concurrent term of 3 ½ to 7 years' incarceration on the unlawful firearm charge. [Appellant] filed a post-sentence motion, which was denied on July 17, 2013.  A notice of appeal was timely filed on August 16,

---

* Former Justice specially assigned to the Superior Court.

2013. On August 13, 2014, the Pennsylvania Superior Court affirmed the judgment of sentence. The Pennsylvania Supreme Court denied the Petition for Allowance of Appeal on February 4, 2015. On June 8, 2015, [Appellant] filed a *pro se* Petition under the Post-Conviction Relief Act. On July 6, 2015, Attorney Christopher Dreisbach was appointed as PCRA counsel. Attorney Dreisbach was allowed to withdraw on April 12, 2016 and Attorney Jennifer E. Tobias was appointed as new PCRA counsel. Thereafter, Attorney Tobias filed a Motion to Withdraw Under the Post Conviction Relief Act on October 24, 2016 with an attached Turner/Finley letter.[1]

> 3 18 Pa.C.S.A. § 2502.

> 4 18 Pa.C.S.A. §§ 901(a), §2502.

> 5 18 Pa.C.S.A. § 6106(a)(1).

PCRA Court Opinion, 1/6/17, at 1-2.

Attorney Tobias was granted permission to withdraw on January 6, 2017. Appellant's PCRA petition was denied by order entered February 6, 2017. Appellant filed a timely notice of appeal on March 1, 2017. Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review, which we reproduce verbatim:

1) Is the trial court in error for accepting and then impossing a Mandatory Minimum Sentence upon the Appellant/Defendant Mr. M. Figueroa-Novoa?

2). Is the trial court in error for not "instructing the jury" to the legality of imposing a Mandatory Minimum sentence of Life Imprisonment without Parole, upon the Appellant/Defendant?

---

1 ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

3).    Is the trial court in error in allowing the tainted "blood and urine" to have been admitted as evidence, and not have have been tested properly and presented to the Jury as should untainted evidence?

4).    Is the trial court in error in not allowing the cross-examination of the Commonwealth "expert witness" in violating the appeallants rights to confrontation of his accusers in his defense?

5).    Is the Trial Court in error for the reassignment of a court appointed attorney whom filed a Letter of no merit, in conflicting interest of the client Mr. M. Figueroa-Novoa after withdrawing from his representation?

Appellant's Brief at 5.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error.  The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

**Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014) (internal citations omitted).

We first note that Appellant has failed to preserve issues two, four, and five because he did not include them in his Pa.R.A.P. 1925(b) statement.  "Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived."  **Commonwealth v. Hill**, 16 A.3d 484, 494 (Pa. 2011) (quoting **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998)).  Thus, these issues are waived.

Moreover, issue three, with regard to the blood evidence, was arguably preserved as raised in his Pa.R.A.P. 1925(b) statement.[2] That issue, however, is waived because it was not raised in Appellant's PCRA petition or in his supplemental PCRA petition. PCRA Petition, 6/8/15, at 1-12; Supplemental PCRA petition, 6/8/15, at 1-4. **See Commonwealth v. Santiago**, 855 A.2d 682, 691 (Pa. 2004) ("a claim not raised in a PCRA petition cannot be raised for the first time on appeal.").

Finally, although Appellant's first issue regarding his sentence was not raised in his PCRA petition, it implicates the legality of his sentence and therefore cannot be waived. **Commonwealth v. Foster**, 960 A.2d 160, 168 (Pa. Super. 2008) ("application of a mandatory minimum sentence is a non-waivable challenge to the legality of a sentence.") (internal citations omitted). Accordingly, we shall review this single issue.

Although most of Appellant's brief consists of rambling statements and patch-worked citations, it appears that Appellant is asserting that his mandatory life sentence for his conviction of first degree murder is unconstitutional pursuant to **Alleyne v. United States**, 133 S.Ct. 2151 (2013), and **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015).

---

[2] Appellant made no reference to the urine evidence in his Pa.R.A.P. 1925(b) statement, and to the extent this claim is made based on urine evidence, the claim is waived. **Hill**, 16 A.3d at 494.

Appellant's Brief at 8-19. As summarized in his conclusion, which we have reproduced verbatim, Appellant asserts:

> Based upon the June 15th,2015, Pennsylvania Supreme Court decision in <u>Commonwealth v. Hopkins</u>, and the imposition of a Mandatory Minimum sentence upon the appellant Mr. firgueroa-Novoa, that violates his Sixth Amendment, Eighth and Fourteenth Amendment rights of the United States Constitution, and of the Pennsylvania Constitutional Articles I, §9 and §13. In light of the clear legislative intent, severance of violative provision from the statute that are not permissible by law. All the provisions for procedures executing the statues for the mandatory minimum are <u>unconstitutional</u>, and thus the substantial new rule does apply here the provisions and incomplete and incapable of being executed in accordance with the legislatures intent.
>
> Under the foregoing arguments and related cases laws, must be held retroactive. Also this Court has jurisdiction to correct such patent and obvious errors of the lower courts errors in applying it as such in sentencing. The Appellant, Mr. Figueroa-Novoa request that the mandatory minimum to be vacated and of life imprisonment, and that he be taken for re-sentencing as set forth within he brief.

*Id.* at 19.

In **Alleyne**, the Supreme Court held that any fact, other than a prior conviction, that results in the application of a mandatory minimum sentence must be submitted to the jury and found beyond a reasonable doubt. **Alleyne**, 133 S.Ct. at 2155. In **Hopkins**, the Pennsylvania Supreme Court held that 18 Pa.C.S. § 6317, which required a mandatory minimum sentence if certain controlled-substances crimes occurred within 1,000 feet of a school, was unconstitutional under **Alleyne**. **Hopkins**, 117 A.3d at 249.

Here, Appellant was convicted of first-degree murder. The statutory requirements for sentencing on a conviction for first-degree murder are as follows:

> (1) Except as provided under section 1102.1 (relating to sentence of persons under the age of 18 for murder, murder of an unborn child and murder of a law enforcement officer), a person who has been convicted of a murder of the first degree or of murder of a law enforcement officer of the first degree shall be sentenced to death or to a term of life imprisonment in accordance with 42 Pa.C.S. § 9711 (relating to sentencing procedure for murder of the first degree).

18 Pa.C.S. § 1102(a)(1).

Notably, Section 1102 does not impose a mandatory minimum sentence triggered by a "sentencing factor" of the type deemed unconstitutional in *Alleyne* and *Hopkins*. Rather, where a defendant is convicted of first-degree murder, no finding other than the verdict itself, which is the product of a finding beyond a reasonable doubt, is necessary to impose the sentence Appellant received. Accordingly, *Alleyne* and *Hopkins* are inapplicable to Appellant's claim, and he is entitled to no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/2017

- 6 -