J-S84017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| YUL DANIEL ROMAN-VAZQUEZ | : | |
| | : | No. 1046 MDA 2017 |
| Appellant | | |

Appeal from the Judgment of Sentence January 25, 2017
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0001272-2016,
CP-38-CR-0001274-2016

BEFORE: SHOGAN, J., LAZARUS, J., and OTT, J.

MEMORANDUM BY LAZARUS, J.:          **FILED AUGUST 01, 2018**

Yul Daniel Roman-Vazquez appeals from the judgment of sentence, entered in the Court of Common Pleas of Lebanon County, after his conviction of two counts of retail theft.[1] After careful review, we affirm.

The trial court summarized the facts and procedural history as follows:

[Roman-Vazquez] was charged with two counts of [r]etail [t]heft stemming from two separate incidents occurring on July 13, 2016 and July 14, 2016. [Roman-Vazquez] [pleaded] guilty to the aforementioned charges on December 21, 2016 and agreed to a sentence of 11[]1/2 months[,] with the [c]ourt to set the maximum duration and location.[2] On January 25, 2017, [Roman-Vazquez] was sentenced before this [c]ourt to 11[]1/2 months to 7 years in a state correctional facility. The [c]ourt

---

[1] 18 Pa.C.S.A. § 3929.

[2] Roman-Vasquez agreed to this minimum sentence pursuant to a negotiated guilty plea.

found that [Roman-Vazquez] was RRRI eligible, which reduced his minimum sentence to 8[]1/2 months.

Trial Court Opinion, 5/31/17, at 1.

On February 6, 2017, Roman-Vazquez filed a timely motion for reconsideration of sentence,[3] which the trial court denied on May 31, 2017. Roman-Vazquez timely appealed, and on June 3, 2017, the trial court entered an order directing him to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Roman-Vazquez did not comply due to an alleged clerical error. On August 3, 2017, the trial court issued a Rule 1925(a) opinion stating that Roman-Vazquez waived any issues he wished to appeal for failing file a Rule 1925(b) statement. On March 22, 2018, this Court determined Roman Vasquez's counsel was *per se* ineffective for failing to file a Rule 1925(b) statement. Accordingly, we remanded his case pursuant to Rule 1925(c)(3) ("If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge.").

---

3 Roman-Vasquez filed his post-sentence motion 12 days after the imposition of his judgment of sentence; however, the 10th and 11th days fell on Saturday February 4, 2017 and Sunday February 5, 2017. **See** 1 Pa.C.S.A. § 1908 ("Whenever the last day [to file] . . . shall fall on Saturday or Sunday . . . such day shall be omitted from the computation."). Therefore, Roman-Vasquez timely filed his post-sentence motion.

Presently, both Roman Vasquez and the trial court have complied with Rule 1925. On appeal, Roman-Vazquez raises the following issue for review: "Did the [s]entencing [c]ourt commit a manifest abuse of discretion by imposing incarceration in a state correctional facility?" Brief of Appellant, at 4.

Instantly, Roman-Vazquez challenges the discretionary aspects of his sentence. However, such a claim does not entitle an appellant to review as of right. *See Commonwealth v. Sierra*, 752 A.2d 919, 912 (Pa. Super. 2000). Where a defendant pleads guilty without any agreement as to a sentence, the defendant has the right to petition the Superior Court for allowance of appeal with respect to the discretionary aspects of sentencing. *Commonwealth v. Brown*, 982 A.2d 1017, 1019 (Pa. Super. 2009). However, where a defendant pleads guilty pursuant to a negotiated plea agreement specifying particular penalties, the defendant may not seek a discretionary appeal relating to those agreed-upon penalties. *Id.* Permitting a defendant to petition for such an appeal would undermine the integrity of the plea negotiation process and could ultimately deprive the Commonwealth of sentencing particulars for which it bargained. *Id.* "In some cases, there may be plea agreements specifying *some but not all* aspects of the sentence." *Id.* (emphasis added). In such cases, where there are specific penalties outlined in a plea agreement, an appeal from the discretionary sentence will not stand. *Commonwealth v. Dalberto*, 648 A.2d 16, 21 (Pa. Super. 1994). However, where there have been no sentencing restrictions in a plea

agreement, an entry of a guilty plea will not preclude a challenge to the discretionary aspects of sentencing. *Id.*

Here, Roman-Vasquez agreed to a minimum sentence of 11½ months' imprisonment pursuant to a negotiated guilty plea. However, Roman-Vasquez and the Commonwealth did not negotiate the parameters of his maximum sentence and the location of confinement. Therefore, the trial court retained discretion to determine some discretionary aspects of Roman-Vasquez's sentence. Thus, "it becomes clear that [Roman-Vasquez's] plea agreement falls somewhere between a negotiated plea and an open plea; our task is to determine the effect of this hybrid plea agreement on the right to challenge the discretionary aspects of his sentence." *Dalberto*, 648 A.2d at 21.

Instantly, we believe that justice requires that we treat this case as an "open" plea and permit an appeal to the discretionary aspects of sentencing. "We wish to make clear, however, that we will allow an appeal only as to those discretionary aspects of sentencing which have not been agreed upon during the negotiation process," *id.*, i.e., the maximum sentence and the location of confinement. Accordingly, we proceed with our review of Roman-Vasquez's discretionary aspects of sentence claim.

Our standard of review regarding challenges to the discretionary aspects of sentence is well settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the

sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Gonzalez***, 109 A.3d 711, 731 (Pa. Super. 2015) (citation omitted).

To determine if this Court may review the discretionary aspects of a sentence, we employ a four-part test:

(1) [W]hether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify [the] sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006) (internal citations omitted).

With regard to the fourth prong, an appellant raises a substantial question if he can show "actions by the trial court inconsistent with the Sentencing Code[4] or contrary to the fundamental norms underlying the sentencing process." ***Commonwealth v. Bowen***, 55 A.3d 1254, 1262-63 (Pa. Super. 2012) (citation omitted). "The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis." ***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the sentencing code; or (2) contrary

---

[4] 42 Pa.C.S.A. §§ 9701 – 9799.75.

to the fundamental norms which underlie the sentencing process." **Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013).

Here, Roman-Vazquez timely filed his appeal within 30 days of the trial court's order, as required by Pa.R.A.P. 903(a). Roman-Vazquez also properly preserved his issue in a consolidated post-sentence motion. Furthermore, in Roman-Vazquez's appellate brief, he properly set forth a concise statement of the reasons relied upon for allowance of appeal, pursuant to Pa.R.A.P. 2119(f). Roman-Vasquez has complied with the necessary procedural dictates, and, thus, we turn to whether Roman-Vazquez has raised a substantial question that his sentence was inappropriate under the Sentencing Code.

Roman-Vazquez first asserts that the sentencing court abused its discretion by making inappropriate statements referencing his prior criminal record,[5] which demonstrated prejudice and gave rise to a manifestly unreasonable sentence in a state correctional facility. Generally, the factors trial courts consider when determining a defendant's sentence are, "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Furthermore, when the sentence imposed falls within the statutory limits, as it does in this case, an appellant's

---

[5] The sentencing court observed that Roman-Vazquez repeatedly committed retail theft in three different counties, with two of the crimes occurring within mere days of each other. The court remarked, "You have to ask yourself, this isn't working. We tried probation. We tried a summary offense. We tried confinement in the prison. None of that convinces him that he shouldn't steal." N.T. Sentencing, 3/26/17, at 3.

- 6 -

claim that a sentence is manifestly excessive fails to raise a substantial question. **Commonwealth v. Bershad**, 693 A.2d 1303, 1309 (Pa. Super. 1997). Therefore, this claim fails to raise a substantial question that his sentence is inappropriate under the Sentencing Code.

Roman-Vazquez next avers that the trial court abused its discretion in sentencing him to a period of incarceration in a state correctional facility. However, 42 Pa.C.S.A. § 9762(b)(1) limits the trial court's traditional sentencing authority. **See Commonwealth v. Foster**, 960 A.2d 160, 166 (Pa. Super. 2008). Specifically, section 9762(b)(1) mandates that "[m]aximum terms of five or more years shall be committed to the Department of Corrections [("DOC")] for confinement." 42 Pa.C.S.A. § 9762(b)(1). Therefore, Roman-Vazquez's claim actually implicates the legality of his sentence. **See id.** ("[L]egality of sentence issues occur generally . . . when a trial court's traditional authority to use discretion in the act of sentencing is somehow affected.").[6]

---

[6] We recognize that the trial court's imposition of a maximum sentence of 7 years' confinement raises the specter of a causality dilemma. The trial court, by imposing such a sentence, forfeited its discretion to choose the location of confinement. **Cf. Commonwealth v. Townsend**, 693 A.2d 980, 982 (Pa. Super. 1997) (court lacked jurisdiction to order that defendant serve sentence of 18 months to five years at county jail, as defendant sentenced to maximum term of five years or more must serve sentence in state institution, and sentencing judge has no discretion to direct that sentence be served in county facility). Had the trial court favored committing Roman-Vasquez to the DOC, it could have retained discretion to do so by sentencing him to a maximum term of imprison greater than two and less than five years. **See** 42 Pa.C.S.A. 9762(b)(1). Under the instant circumstances, such a sentence is cognizable.

The relevant standard of review for legality of sentence challenges "is *de novo* and our scope of review is plenary." **Commonwealth v. Akbar**, 91 A.3d 227, 238 (Pa. Super. 2014). "[A] challenge to the legality of the sentence can never be waived and may be raised by this Court *sua sponte.*" **Commonwealth v. Wolfe**, 106 A.3d 800, 801 (Pa. Super. 2014).

Under section 9762(b)(1), individuals who receive a maximum sentence of five years or more *must* be committed to the custody of the DOC. Roman-Vazquez's crimes were his third and fourth retail theft offenses, making such offenses felonies of the third degree. 18 Pa.C.S. § 3929(b)(1)(iv). Because Roman-Vasquez pleaded guilty to a third-degree felony, his maximum sentence is seven years. 18 Pa.C.S. § 1103(3). The trial court, lawfully exercising its discretion, imposed the maximum sentence. Pursuant to the clear language of section 9762(b)(1), the trial court was constrained to commit Roman-Vazquez to any authority but the DOC. 42 Pa.C.S.A. § 9762(b)(1). In light of the foregoing, we find no error.

Judgment of sentence affirmed.

_____

However, there is no precedent suggesting that a trial court's voluntary forfeiture of sentencing discretion is, in fact, an exercise (or abuse) of discretion. Moreover, Roman-Vasquez has failed to raise a substantial question regarding the imposition of a seven-year maximum sentence and his sentence falls within the standard range. Therefore, although there is a causal relationship between trial court's initial exercise of discretion and its subsequent application of section 9762(b)(1), we decline to review this issue as one implicating the discretionary aspects of the sentence.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/01/2018