J-S75036-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LYNARD TIMOTHY CARR | : | |
| | : | |
| Appellant | : | No. 1109 WDA 2019 |

Appeal from the Judgment of Sentence Entered June 28, 2019
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001530-2018

BEFORE:  STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                  FILED FEBRUARY 4, 2020

Lynard Timothy Carr (Carr) appeals from the judgment of sentence imposed after he entered a guilty plea to Attempted Homicide (with a deadly weapon enhancement), 18 Pa.C.S. § 901(a), Possessing an Instrument of Crime (PIC), 18 Pa.C.S. § 907(b), and Simple Assault, 18 Pa.C.S. § 2701(a)(1).  Carr's counsel seeks to withdraw from representation pursuant to Anders v. California, 386 U.S. 738 (1967), and Commonwealth v. Santiago, 978 A.2d 349 (Pa. 2009).  We affirm the judgment of sentence and grant counsel's petition to withdraw.

We take the following background facts and procedural history from the trial court's May 10, 2019 opinion and our independent review of the record.

_____

[*] Retired Senior Judge assigned to the Superior Court.

The Commonwealth charged Carr with the above crimes for an incident that occurred on May 2, 2018. Specifically, while a child was at home in another room, Carr slashed the throat of his ex-girlfriend, Shannon Ciotti, and got into a fight with Ms. Ciotti's friend, Joshua Bowers-Sundlov, tackling him and causing him to fall down a flight of stairs. On February 12, 2019, Carr pleaded guilty to the above charges.[1] The trial court ordered a Pre-Sentence Investigation report (PSI) and scheduled sentencing for two months later on April 15, 2019.

On April 10, 2019, five days before sentencing and 58 days after the entry of the plea, Carr filed a Motion for Allowance to Withdraw Guilty Plea in which he alleged that he wanted to withdraw the plea "to contest the charges against him." The Commonwealth responded, contesting the request on the bases that Carr had advanced a legally insufficient basis for withdrawal of the plea, the strength of the Commonwealth's case as well as the timing of the request.

At the May 1, 2019 hearing, defense counsel argued that Carr asserted his innocence and that he had no obligation to prove it at the hearing that day. (See N.T. Hearing to Withdraw Plea, 5/01/19, at 2). Counsel claimed

_____

[1] Pursuant to the terms of the guilty plea, the Commonwealth nolle prossed charges of Aggravated Assault, 18 Pa.C.S. § 2702(a)(4), Recklessly Endangering Another Person, 18 Pa.C.S. § 2705, and Simple Asssault, 18 Pa.C.S. § 2701(a)(2), related to the same incident.

- 2 -

that Carr did not have an "illicit motive" for wanting to withdraw his plea but merely wanted to exercise his constitutional right to a trial. (Id. at 3). He argued that the Commonwealth could not establish substantial prejudice because its witnesses were available to testify and there had been no spoliation of evidence. (See id.). When asked if he wished to add anything, Carr stated "I'm just a prior service member, military service member. I would like the chance to say exactly what happened that night and I'm not guilty of the specific charges that are on there." (Id. at 3-4).

The Commonwealth responded that Carr did not make a plausible assertion of innocence in light of the strength of its case. (See id. at 4). Specifically, Mr. Sundlov would testify that he was present on the night in question, that Carr became upset about Mr. Sundlov's relationship with Ms. Ciotti, and that he left the home due to Carr's agitated state. (See id. at 4-5). When outside the home, he heard Ms. Ciotti scream so he ran back inside the home to find blood all over the floor, Ms. Ciotti holding her neck, and Carr holding a knife above her. (See id. at 5). While on the phone and trying to address Ms. Ciotti's wound, Mr. Sundlov heard Ms. Ciotti's son scream and found Carr in the bedroom holding him.[2] (See id.). Thereafter, Mr. Sundlov

---

[2] The subject child was the son of Carr and Ms. Ciotti. (See N.T. Hearing to Withdraw Plea, at 6).

and Carr argued, Carr tackled him and the two men fell down the stairs. (See id.).

Ms. Ciotti told police that Carr grabbed her from behind, pulled a knife across her neck, and told her to "got to sleep" or "you'll go to sleep" as he cut her. (Id. at 7). She also advised police that when she fell to the ground, Carr continued to try to stab her in the head, resulting in cuts and marks on both hands and arms. (Id.). Ms. Ciotti suffered a fourteen-centimeter neck laceration, which required her to be placed on a ventilator and remain in the Intensive Care Unit (ICU) of the hospital for three days. (See id.). The Commonwealth presented photos of the injuries to the trial court. (See id. at 6-7).

During the Commonwealth's argument, Carr interjected that it was more complicated than they were making it sound, stating, "I served my country and killed many people overseas, but yet I can't take the . . . 250 pounds . . . " and that "[Sundlov would] be dead too if I wanted him dead." (Id. at 7-8). He volunteered to the trial court that he had the knife at the time of the incident. (See id. at 8). The trial court took the matter under advisement and denied the motion on May 10, 2019. On June 28, 2019, the trial court sentenced Carr to a term of incarceration of not less than ten nor more than twenty years for the attempted homicide plus an aggregate term of three years' probation. Carr filed a timely notice of appeal and counsel filed a statement of intent to file an Anders brief in lieu of a Rule 1925(b) statement.

See Pa.R.A.P. 1925.  Appointed counsel has filed an Anders brief and petition to withdraw.

On appeal, Carr challenges the denial of his presentence motion to withdraw his guilty plea and the discretionary aspects of his sentence.  Before reaching Carr's issues, we must consider counsel's request to withdraw.  See Commonwealth v. Lilley, 978 A.2d 995, 997 (Pa. Super. 2009).  It is well-settled that:

> Court-appointed counsel who seek to withdraw from representing an appellant on direct appeal on the basis that the appeal is frivolous must:
>
> (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) file a brief referring to anything that arguably might support the appeal but which does not resemble a "no-merit" letter or amicus curiae brief; and (3) furnish a copy of the brief to the defendant and advise the defendant of his or her right to retain new counsel or raise any additional points that he or she deems worthy of the court's attention.

Id. (citation omitted).  Further, our Supreme Court ruled in Santiago, supra, that Anders briefs must contain "a discussion of counsel's reasons for believing that the client's appeal is frivolous[.]"  Santiago, supra at 360.

Counsel's Anders brief and application to withdraw substantially comply with the applicable technical requirements and reveal that she has made "a conscientious examination of the record [and] determined that the appeal would be frivolous[.]"  Lilley, supra at 997 (citation omitted).  Additionally, the record establishes that counsel served Carr with a copy of the Anders

brief and application to withdraw and a letter of notice, which advised him of his right to retain new counsel or to proceed pro se and raise additional issues to this Court. See id.; (see also Petition for Leave to Withdraw as Counsel, 10/23/19, Exhibit A, at 1). Furthermore, the petition and brief cite "to anything that arguably might support the appeal[.]" Lilley, supra at 997 (citation omitted); (see also Anders Brief, at 14-21). As noted by our Supreme Court in Santiago, the fact that some of counsel's statements arguably support the frivolity of the appeal does not violate the requirements of Anders. See Santiago, supra at 360-61.

Having concluded that counsel's petition and brief comply with the technical Anders requirements, we must "conduct [our] own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." Lilley, supra at 998 (citation omitted).

Carr first challenges the trial court's denial of his pretrial motion to withdraw his guilty plea.[3] (See Anders Brief, at 15-18). Specifically, in his

_____

[3] We review Carr's issue for an abuse of discretion. See Commonwealth v. Norton, 201 A.3d 112, 120 (Pa. 2019). "When a [trial] court comes to a conclusion through the exercise of its discretion, there is a heavy burden [on the appellant] to show that this discretion has been abused." Id. (citation omitted). "An appellant cannot meet this burden by simply persuading an appellate court that it may have reached a different conclusion than that reached by the trial court; rather, to overcome this heavy burden, the appellant must demonstrate that the trial court actually abused its discretionary power." Id. (citation omitted). "An abuse of discretion will not

motion to withdraw, he argued that he wanted to contest the charges against him and, at the hearing, he stated that he wanted the chance to give his version of events. (See Motion to Withdraw Guilty Plea, at 1); (N.T. Hearing, at 3-4).

Pennsylvania Rule of Criminal Procedure 591 provides, in pertinent part, that, "[a]t any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant . . . the withdrawal of a plea of guilty . . . and the substitution of a plea of not guilty." Pa.R.Crim.P. 591(A).

While, generally, pretrial motions to withdraw a guilty plea are to be liberally allowed, "when a defendant files a presentence motion to withdraw a guilty plea based upon a claim of innocence, the innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea." Norton, supra at 120 (citation and internal quotation marks omitted). "Stated more broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that

_____

be found based on a mere error of judgment, but rather exists where the [trial] court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." Id. (citation omitted). "Absent an abuse of that discretion, an appellate court should not disturb a trial court's ruling." Id. (citation omitted).

permitting withdrawal of the plea would promote fairness and justice." Id. at 120-21 (citation and internal quotation marks omitted).

In this case, Carr claimed that he was innocent, providing no detail, and stated that he wanted to tell his side of the story. (See Motion to Withdraw Guilty Plea, at 1); (N.T. Hearing to Withdraw Plea, at 2-4). Conversely, the Commonwealth provided detailed evidence of Carr's guilt, including the testimony of both the stabbing and assault victims. (See N.T. Hearing to Withdraw Plea, at 4-8). These individuals were prepared to testify to the events surrounding the crimes and Mr. Carr's participation in them. (See id. at 4, 8). The Commonwealth also provided photographic evidence. (See id. at 6-7). Finally, Carr admitted that he possessed the knife. (See id. at 8).

Based on the foregoing, the court found that Carr's claim of innocence was not plausible where he "offered nothing but vague assertions that he was innocent and wanted to tell his side of the story at trial" and the Commonwealth provided detailed evidence of his guilt. (Trial Court Opinion, 5/10/19, at 3). After our independent review of the record, we conclude that Carr has not met his burden of establishing that the court abused its discretion where he failed to provide a plausible claim of innocence to support the withdrawal of his guilty plea. See Norton, supra at 120-21. We concur with counsel's determination that this issue is wholly frivolous. See Lilley, supra at 998.

Next, Carr maintains that his sentence of not less than ten nor more than twenty years for attempted homicide is manifestly excessive because the court failed to consider certain mitigating factors. (See Anders Brief, at 19-21). This issue challenges the discretionary aspects of Carr's sentence, which "must be considered a petition for permission to appeal." Commonwealth v. Kelly, 33 A.3d 638, 640 (Pa. Super. 2011) (citation omitted). To preserve claims relating to the discretionary aspects of a sentence properly, an appellant must first raise them with the trial court. See Commonwealth v. Foster, 960 A.2d 160, 163 (Pa. Super. 2008), affirmed, 17 A.3d 332 (Pa. 2011).

Here, although at the conclusion of the sentencing hearing Carr asked whether his sentence was in the standard range, the record reflects that he failed to raise his excessiveness claim either at sentencing or in a post-sentence motion. (See Sentencing Hearing, 6/28/19, at 17). As a result, he failed to preserve this claim for our review.

Moreover, even if properly preserved, Carr's claim would lack merit.[4]

> When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation.

---

[4] "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." Commonwealth v. Sexton, ___ A.3d ___, 2019 WL 5540999, at *9 (Pa. Super. filed Oct. 8, 2019) (citation omitted).

Commonwealth v. Hill, 210 A.3d 1104, 1116-17 (Pa. Super. 2019), appeal denied, 2019 WL 6270765 (Pa. filed Nov. 25, 2019) (quotation marks and citations omitted).

Additionally, "[w]here the sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." Id. at 1117 (citation and internal quotation marks omitted). Indeed, "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." Id. (citation omitted).

Instantly, our independent review of the record reveals that the trial court did not abuse its discretion in sentencing Carr. Prior to sentencing him, the trial court heard the argument of defense counsel as to mitigating circumstances such as his military history, his struggles with substance abuse and mental health issues, his lack of a criminal history, and the fact that he accepted responsibility for his actions. (See N.T. Sentencing, 6/28/19, at 7-8). The Commonwealth argued that Carr had already received approximately ten years of mental health services and, therefore, had the opportunity to address whatever caused his violent behavior. (See id. at 10-11). The court considered the impact statements of Ms. Ciotti and her family. (See id. at

11-12). Finally, Carr addressed the trial court and stated that he did not intend to hurt Ms. Ciotti and apologized for his actions. (See id. at 14-15).

After all of the foregoing, the court expressly stated that it was considering Carr's age, background, criminal record, character and rehabilitative needs, the nature of the crime, the sentencing guidelines, and the protection of the public. (See id. at 16). It acknowledged Carr's military service and lack of criminal history, but it noted, "this was a cold-blooded, vicious attack [while] children were at home." (Id.). Additionally, the court had the benefit of a PSI, so we presume that it was aware of all relevant information about Carr's character and weighed it accordingly. See Hill, supra at 1117.

Based on all of the foregoing, the trial court did not manifestly abuse its discretion in sentencing Carr to a standard range term of incarceration of not less than ten nor more than twenty years for the charge of attempted homicide. See Sexton, supra, at *9; Commonwealth v. Moury, 992 A.2d 162, 171 (Pa. Super. 2010) (combination of PSI and standard range sentence, absent more, cannot be considered excessive or unreasonable). Accordingly, even if Carr had properly preserved his sentencing issue, it would lack merit.

Therefore, after our independent review of the record, we agree with counsel that Carr's sentencing claim also is "wholly frivolous." Lilley, supra at 998 (citation omitted). Additionally, we find no other non-frivolous issues that would merit relief.

Judgment of sentence affirmed.   Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/4/2020